UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **IRMA GARZA** § | |
| **Plaintiff,** § | |
| § | |
| V. § | |
| § | **CIVIL NO. 7:18-CV-00267** |
| **THE CITY OF EDINGURG, TEXAS,** § | **JURY REQUESTED** |
| **RICHARD MOLINA, DAVID TORRES,** § | |
| **JORGE SALINAS and GILBERT ENRIQUEZ** § | |
| **Defendants.** § | |

**PLAINTIFF'S FIRST ORIGINAL COMPLAINT**

NOW COMES **IRMA GARZA,** Plaintiff, complaining of **THE CITY OF EDINBURG,** and **RICHARD MOLINA, DAVID TORRES, JORGE SALINAS,** and **GILBERT ENRIQUEZ,** individually and in their official capacity as council members of the City of Edinburg, and in support thereof would show the following:

**I.
NATURE OF ACTION**

1.1    This is an action under the United States Constitution for violation of Plaintiff's rights under the First and Fourteenth Amendments.

1.2    Specifically, while acting under color of law, Defendants took adverse employment actions against Plaintiff's employment in violation of her due process rights and protected first amendment rights.

**II.
JURISDITION AND VENUE**

2.1    Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1443, 1345, 1441 and 42 USC 1983. In addition, this Court has supplemented jurisdiction

under 28 USC 1367 over Plaintiff's factually identical claims arising under State law.

2.2 The employment practices to be alleged and unlawful were and are currently being committed within the Jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

## III.
## PARTIES

3.1 Plaintiff, IRMA GARZA is a resident of Hidalgo County, Texas.

3.2. Defendant, THE CITY OF EDINBURG, is a municipality in the state of Texas located entirely in Hidalgo County. THE CITY OF EDINBURG may be served with process by serving the City Manager with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.3 Defendant, RICHARD MOLINA is being sued in individual and official capacity as the Mayor of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.4 Defendant, DAVID TORRES is being sued in individual and official capacity as a council member of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.5 Defendant, JORGE SALINAS is being sued in individual and official capacity as a council member of the City of Edinburg and may be served with process at 415 W. University Drive Edinburg, TX. 78541 by personal service or wherever he may be found.

3.6 Defendant, GILBERT ENRIQUEZ is being sued in individual and official capacity as a council member of the City of Edinburg and may be served with process at 415 W. University Drive

Edinburg, TX. 78541 by personal service or wherever he may be found.

## IV.
## FACTUAL ALLEGATIONS

4.1     Plaintiff Irma Garza was the public information officer serving the City of Edinburg, Texas. Throughout her employment, the Plaintiff performed her employment duties with dedication, loyalty and hard work. Plaintiff received performance appraisals with very high ratings on a yearly basis. Prior to the Defendants gaining control of the Edinburg City Council, Plaintiff had never had any adverse employment action taken against her nor was she ever been written up for job related improper conduct.

4.2     In November of 2017, the Edinburg City Council conducted elections which resulted in the seating of a new political majority. During the election campaign, the members who were elected and those current board members with whom they are aligned made numerous statements regarding and otherwise made known their intent to terminate, demote and reassign employees, specifically naming the Plaintiff.

4.3     Upon being sworn in, the new political majority, hereinafter referred to as the Molina faction, comprised of Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, set about on a campaign to reward those employees who were related to the new board majority and those who had openly supported their faction. They also set about retaliating against those employees who had not supported their faction. Therefore, each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction.

4.4     As part of the retaliation by the Molina faction, in order to make room for the political patronage that was necessary to reward their relatives, supporters and campaign workers, the Board

members directed, then City Manager Richard Hinojosa, to terminate employees such as Plaintiff who, during the campaign, were not openly supporting the Molina faction.

4.5 On or about February 21, 2018, Plaintiff was notified in person by City Manager Richard Hinojosa of her termination and advised to immediately vacate the City of Edinburg office building. At that time Mr. Hinojosa gave no reasons for her termination, simply telling her that he couldn't do anything about the City Council's decision to terminate her.

4.6 All the adverse retaliatory employment actions taken by Mr. Hinojosa, against the Plaintiff were at the direction of the Molina faction. Again, each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction.

4.7 The Plaintiff in this lawsuit was not an employee who had direct dealings with the Edinburg City Council or might fall into the category of an employee who, because of their relationship to the City Council would not have First Amendment Rights as defined by the 5th Circuit Court of Appeals in *Kinsey v. Salado ISD*, 950 F2d 988 (5th Cir.1992). Additionally, the Plaintiff's exercise or in this case the restraint of her right to freedom of speech and association in this case did not conflict with her role as an employee.

## V.
## 42 U.S.C. SECTION 1983

5.1 Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subject such individual to the deprivation of any rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. The Plaintiff was subjected to the deprivation of their Constitutional rights as set forth below.

## VI.
## DENIAL OF DUE PROCESS

6.1     Paragraphs 4.1 through 4.7 are incorporated herein by reference. Plaintiff, Irma Garza had a constitutionally protected property interests by virtue of her employment with the City of Edinburg at the time that adverse action was taken against her. The termination of the Plaintiff, without being given any prior notice or reasons and an opportunity to be heard, is a violation of Plaintiff's right to due process and due course of law. Additionally, she was deprived of her liberty and property interests without adequate procedural and substantive protection prior to the unlawful taking (i.e. termination) of her employment. The termination of the Plaintiff is in violation of the liberty and the property interests of the Plaintiff which is guaranteed under the Constitution of the State of Texas and the Fourteenth Amendment of the United States Constitution as protected under 42 U.S.C. Section 1983. This denial of due process has caused current and future financial loss job security past and future loss of reputation, and severe emotional distress to the Plaintiff which continues and is ongoing.

6.2     Paragraphs 4.1 to 4.7 are incorporated herein by reference. The Plaintiff has a protected liberty interest under the 14th Amendment to not be terminated for unconstitutional reasons. And therefore, on this basis, the Plaintiff may seek redress pursuant to 42 U.S.C. 1983.

## VII.
## VIOLATION OF FIRST AMENDMENT RIGHTS

7.1     Paragraphs 4.1 through 4.7 are incorporated herein by reference. As stated above, the Plaintiff restrained her speech on matters of politics and participated or refrained from participating in political activities away from the job setting which are directly related to her right to freedom of association. Defendants denied Plaintiff's rights of freedom of speech and association under the First and Fourteenth Amendment to the United States Constitution by retaliating against her for

exercising her protected speech and political association. Because the actions causing harm to Plaintiff were taken by the direction and approval of the City of Edinburg City Council, such acts of retaliation against the Plaintiff for her exercise of her First Amendment Rights represents an official policy of the City of Edinburg, rendering the city liable to Plaintiff for her actual damages under 42 U.S.C. Section 1983.

## VIII.
## FAIR LABOR STANDARDS ACT VIOLATIONS

8.1 Plaintiff incorporates Paragraphs 4.1 through 4.7 by reference.

8.2 29 U.S.C. Sec. 216(b) allows individual employees the right to bring suit for unpaid wages.

8.3 Plaintiff, Irma Garza, had her position terminated. Her Termination, in addition to being an act of political retaliation, was a violation of the Fair Labor Standards Act. 29 U.S.C. 215(a)(3) states that any employer who violates provision of section 215(a)(3) shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), including without limitation, employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## IX.
## INDIVIDUAL LIABILITY

9.1 Paragraphs 4.1 through 4.7 are incorporated by reference. Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez have acted outside the proper course and scope of their official duties as members of the Edinburg City Council, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws. The individual defendants, City Council Members, conspired to retaliate and terminate Plaintiff. They have specifically directed then City Manager Richard Hinojosa to take the adverse actions against the

Plaintiff.

## X.
## ACTUAL DAMAGES

10.1 By reason of the above actions alleged in paragraphs 4.1 through 9.1, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

## XI.
## COMPENTSATORY DAMAGES

11.1 Pursuant to the federal statutes cited above, the Plaintiffs are entitled to compensatory damages.

## XII.
## EXEMPLARY DAMAGES

12.1 Paragraphs 4.1 through 4.7 are incorporated herein by reference. Defendant, City of Edinburg, by and through its elected members, acted intentionally, willfully, and in wanton disregard of the rights of the Plaintiff herein. Accordingly, Plaintiff is entitled to recover from Defendants, the City of Edinburg, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, the individual defendants, in addition to compensatory damages, an award of exemplary damages in an amount to be determined by a Jury, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

## XIII.
## ATTORNEY FEES

13.1 Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to retain the undersigned attorneys to prosecute this claim on her behalf, and she is entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of

Appeals and the United State Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and for a trial by jury. Upon trial, Plaintiff prays for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiff's job security and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**FLORES & TORRES, LLP**

By: */s/ David L. Flores*
David L. Flores
Fed. Bar No. 37348
Texas Bar No. 24040909
Tony Torres
Fed. Bar No. 665023
Texas Bar No. 24051438
118 E. Cano
Edinburg, Texas 78539
Tel. (956) 287-9191
Fax. (956) 287-9190
***Attorneys for Plaintiff, Irma Garza***

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | §    VERIFICATION |
| COUNTY OF HIDALGO | § |

BEFORE ME, the undersigned authority, personally appeared IRMA GARZA who stated, upon his oath, that the statements contained in the foregoing: Plaintiff's Original Petition are within her personal knowledge and are true and correct.

_____
IRMA GARZA

SUBSCRIBED AND SWORN TO BEFORE ME on this the 23 day of August, 2018.

MARIA QUINTANILLA
Notary Public, State of Texas
My Commission Expires
June 08, 2019

_____
Notary Public, State of Texas
My Commission expires: 6/8/19