IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IRMA GARZA § | |
| § | |
| *Plaintiff* § | |
| § | |
| VS § | CIVIL ACTION NO. 7:18-CV-267 |
| § | |
| THE CITY OF EDINURG, TEXAS, § | |
| RICHARD MOLINA, DAVID TORRES, § | |
| JORGE SALINAS and GILBERT § | |
| ENRIQUEZ § | |

THE STATE OF TEXAS
SUBPOENA

**TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS OR OTHER PERSON AUTHORIZED TO SERVE AND EXECUTE SUBPOENAS AS PROVIDED IN TEXAS RULE OF CIVIL PROCEDURE 176.5.**

You are hereby commanded to summon ROBIN ZAYAS, who may be found at 100 W. Eagle Ave., McAllen, Texas 78504, to appear at the Law Office of Flores & Torres, LLP located at 118 E. Cano, Edinburg, Texas 78539, on the April 23, 2019 at 1:00 p.m. to attend and give deposition testimony as a witness at the request of IRMA GARZA, Plaintiff in the above-styled and numbered civil action currently pending before the Honorable Judge Ricardo H. Hinojosa United States District. The witness is to bring and produce at the above specified time and place:

**THE DOCUMENTS SET FORTH IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

Such documents and testimony are desired as evidence in the above-referenced civil action. The witness is to remain at the above-referenced location from day to day until the deposition is completed.

**DUTIES OF PERSON SERVED WITH SUBPOENA.** You are advised that under Texas Rule of Civil Procedure 176, a person served with a subpoena has certain rights and obligations. Rule 45 provides the following:

> (a) Compliance required. Except as provided in this subdivision, a person served with a subpoena must comply with the command stated therein unless discharged by the court or the party summoning such witness. A person commanded to appear and give testimony must remain at the place of deposition, hearing, or trial from day-to-day until discharged by the court or by the party summoning the witness.

(b) Organizations. If a subpoena commanding testimony is directed to a corporation, partnership, association, governmental agency, or other organization, and the matters on which examination is requested are described with reasonable particularity, the organization must designate one or more persons to testify on its behalf as to matters known or reasonably available to the organization.

(c) Production of documents or tangible things. A person commanded to produce documents or tangible things need not appear in person at the time and place of production unless the person is also commanded to attend and give testimony, either in the same subpoena or a separate one. A person must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the demand. A person may withhold material or information claimed to be privileged but must comply with Rule 193.3. A nonparty's production of a document authenticates the document for use against the nonparty to the same extent as a party's production of a document is authenticated for use against the party under Rule 193.7.

(d) Objections. A person commanded to produce and permit inspection or copying of designated documents and things may serve on the party requesting issuance of the subpoena—before the time specified for compliance—written objections to producing any or all of the designated materials. A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless ordered to do so by the court. The party requesting the subpoena may move for such an order at any time after an objection is made.

(e) Protective Orders. A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things, and any other person affected by the subpoena, may move for a protective order under Rule 192.6(b)—before the time specified for compliance—either in the court in which the action is pending or in a district court in the county where the subpoena was served. The person must serve the motion on all parties in accordance with Rule 21 a. A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court. The party requesting the subpoena may seek such an order at any time after the motion for protection is filed.

(f) Trial subpoena. A person commanded to attend and give testimony, or to produce documents and things, at a hearing or trial, may object or move for protective order before the court at the time and place specified for compliance, rather than under paragraphs (d) and (e).

**CONTEMPT**. Failure by any person without adequate excuse to obey a subpoena served on that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and my by punished by fine or confinement, or both. Fed. R. Civ. P. 45(g).

**DO NOT FAIL** to return this writ to the Southern District of McAllen in Hidalgo County, Texas with either the officer's return showing the manner of execution or the witness's signed memorandum showing that the witness accepted the subpoena.

ISSUED ON this __10th__ day of __April__ 2019.

        Respectfully submitted,

        **FLORES & TORRES, L.L.P.**

        By: */s/ David L. Flores*
        David L. Flores
        State Bar No. 24040909
        Email: davidf@floresandtorresllp.com
        Tony Torres
        State Bar No. 24051438
        118 East Cano Street
        Edinburg, Texas 78539
        Phone: (956) 287-9191
        Fax: (956) 287-9190
        Email: maryq@floresandtorresllp.com (Assistant)
        ***Attorneys for Plaintiff***

## **DEFINITIONS**

For purposes of these requests, the terms used herein shall have the following meanings:

1. "Document" and "documents" shall be used in their broadest sense and shall mean and include all printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda. records, reports, books, summaries, or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries. diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase order receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, voucher analyses studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tapes, photographs, punch cards, programs, data compilations from which intonation can be obtained (including matter used in data processing), and other printed. written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms cument"and "documents" shall include all copi.es of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different from the original need not be separately produced, "Document" and "documents" means and includes all matter within the foregoing description that is in the possession, control, or custody of Petitioner or in the possession, control. or custody of any attorney for Respondent. Without limited the term "control," a document is deemed to be within your control if you have ownership, possession, or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

2. "You" and "Your" shall mean **ROBIN ZAYAS** as well as all other persons acting or purporting to act on your behalf, including any attorney or other representative.

3. As used herein, the words "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these requests any document that might be deemed outside its scope by another construction

4. "Person" shall mean any individual, partnership, association, corporation, joint venture, firm, proprietorship, agency, board, authority, commission, or other legal or business entity.

5. "Communication" shall mean and include every manner or means of disclosure, transfer or exchange, and every disclosure, transfer, or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

## INSTRUCTIONS

1. A person is required to produce a document or tangible thing if it is within the person's possession, custody, or control. Possession, custody, or control includes constructive possession such that the person need not have actual physical possession.

2. A person is required to produce documents and tangible things, including all tangible reports, physical models, compilations of data, and other material prepared by any expert or for an expert in anticipation of the expert's trial and/or deposition testimony.

3. The disclosure of material prepared by an expert used for consultation is required even if it was prepared in anticipation of litigation or for trial when it forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness.

4. If the documents that you produce have been removed from the files in which they normally reside for the purpose of making production. please indicate for each such document the file, or files, in which it normally resides.

5. If any document was but is no longer in your custody or possession or subject to your control or is no longer in existence, state whether it is (a) missing or lost, (b) has been destroyed, (c) has been transferred, voluntarily or involuntarily, to others, or (d) otherwise disposed of, and in each instance, explain the circumstances surrounding such disposition thereof and state the date or approximate date thereof.

6. The documents produced in response to this request should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and are being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business, including a production of the file from which such documents are taken, along with all other documents residing in those files.

7. If any document is withheld, in whole or in part, by any reason, including, but not limited to, any claim of privilege, confidentially, or work produce, set forth separately with respect to each such statement (a) the author of the document, (b) the addressee of the document, (c) the date of the document, (d) the identity of all persons having received copies of the document, (e) the subject matter of the document, and (f) a brief statement or synopsis of the matters dealt with in the document and/or the circumstances surrounding the making of the document.

## "EXHIBIT A"
## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all agreements, bank statements, ledgers, cancelled checks or other documents related to any account in your name or in any business in which you hold an interest.

2. All documents that constitute or refer in any way, directly or indirectly, to any and all books, records, or other memoranda of business or financial conduct, activities, status, or income of Robin Zayas.

3. All documents, items, and things that refer in any way, directly or indirectly, to any and all accounts (business or personal bank, checking, savings, credit union, or retirement) in which you have an interest.

4. All check stubs, canceled checks, deposit and account statements from January 1, 2016 to January 1, 2017 for accounts in which you claim an interest.

5. All documents that constitute or refer in any way, directly or indirectly, to any records of salaries, commissions, bonuses, income from employment, allowances, expenses, or any other amounts of money paid to you by any of the Defendants in this lawsuit.

6. All accounts reflecting funds, including mutual funds, on deposit with banks, brokerage firms, or other financial institutions, including –

    A. statements of account reflecting account balances;
    B. originals or true and correct copies, front and back, of all canceled checks;
    C. carbon copies of all checks written;
    D. all deposit slips;
    E. all withdrawal and debit slips;
    F. all documents evidencing transfers into or withdrawals from the account; and
    G. all check registers.

*This request applies to all accounts since January 1, 2016 to January 1, 2017 whether held in your name or your name jointly with any other person. This request also applies to any account from which you have the right to make withdrawals.*