IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **IRMA GARZA**<br>**Plaintiff,**<br><br>Vs.<br><br>**THE CITY OF EDINBURG, TEXAS**<br>**RICHARD MOLINA, DAVID TORRES,**<br>**JORGE SALINAS and GILBERT**<br>**ENRIQUEZ** | §<br>§<br>§<br>§<br>§ **CIVIL ACTION NO. 7:18-CV-00267**<br>§<br>§<br>§<br>§ |

**PLAINTIFF IRMA GARZA'S SECOND CORRECTED/AMENDED MOTION TO COMPEL DISCOVERY, REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S CORRECTED MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS WITH A REQUEST FOR HEARING**

Plaintiff, Irma Garza, makes the following Second Corrected/Amended Motion to Compel Discovery, pursuant to Rule 37(a)(3) of the Federal Rules of Civil Procedure.

**I.**
**INTRODUCTION**

1.01  On December 13, 2018, Plaintiff sent Interrogatories and Requests for Production to Defendants Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez. The responses filed by Defendants Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez, on January 28, 2019, are incomplete and insufficient. *See* Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc., ECF No. 28. Plaintiff attempted to confer with Defendants' counsel in writing and by phone to resolve these discovery disputes, most recently by email dated May 8, 2019, wherein Plaintiff agreed to narrow the scope of the discovery request, but Defendants failed to respond. (*See* Exhibit A). Although Plaintiff submitted separate request for discovery to each individual Defendant, Plaintiff will address each of their identical objections as a group.

1.02  This is a political retaliation employment case, where Plaintiff Irma Garza was terminated from her employment after serving for approximately ten (10) years as the Director of

1

Public Information for the City of Edinburg, Texas. All adverse retaliatory employment action taken against Ms. Irma Garza was done by Mr. Richard Hinojosa, then City Manager for the City of Edinburg, at the direction of the new political majority comprised of Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez, the named individual Defendants (hereinafter referred to as the "Molina Faction"). At the time of her termination, the City of Edinburg had recently conducted elections which resulted in the seating of a new political majority. As alleged by Plaintiff and evidenced by deposition testimony, during the campaign it was known that the council members—who were subsequently elected and the current board members with whom they were aligned—had a plan/scheme to reward their political supporters with jobs and terminate, demote and reassign employees who they perceived as not supporting their faction. (*See* Exhibit B, Garza Dep. 36:10-39:1; Exhibit C, Hinojosa Dep. 30:2-31:6, 36:7-37:11; Exhibit D, Marroquin Dep. 33:10-37:9. The Plaintiff was terminated because she refused to support this new political majority (Molina Faction) and to reward Ms. Cary Zayas for her political support.

      1.03    Plaintiff is pursuing claims under the United States Constitution for violation of Plaintiff's rights under the First and Fourteenth Amendments. To establish a First Amendment claim, the Plaintiff must show that her speech and/or association was a substantial or motivating factor causing the adverse employment action taken against her. In this regard, Plaintiff sent discovery requests to each individual defendant seeking information relative to communications between the individual defendants and others who supported their faction who were subsequently employed by the City of Edinburg, Texas and/or were associated with those who were employed subsequent to the Molina Faction gaining the political majority. The information contained in the communications sought is relevant to and will establish that the Molina Faction was endeavoring to terminate the Plaintiff and fill the vacancy caused thereby with a political supporter of the faction because of her support. Further, the information sought will shed light

on the Defendants' scheme to garner support for their faction by promising their supporters employment with the City of Edinburg were their faction to win. The information being compelled will assist the Plaintiff in proving that her termination was not the result of poor job performance, as alleged, but instead was politically motivated and done with a retaliatory intent.

    1.04   In Defendants' response to Plaintiff's Corrected Motion to Compel Discovery and for Sanctions filed March 22, 2019, Defendants argue that the requests made by Plaintiff are overly broad and vague. Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc. 2, ¶1.03, ECF No. 28. However, Defendants fail to articulate specifically how each Interrogatory or document requested is overly broad or vague and have only asserted boilerplate objections. *See, HomeVestors of Am., Inc. v. Duane Legate & House Buyer Network, Inc.*, No. 3:12-CV-01850-P, 2013 U.S. Dist. LEXIS 93391, at *11 (N.D. Tex. July 3, 2013) (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("Broad-based, non-specific objections…fall woefully short of the burden that must be borne by a party making an objection to an interrogatory or document request.").

    1.05   Additionally, Defendants assert that the Plaintiff is seeking production of confidential, private and/or proprietary information without identifying any basis to support her entitlement to the requested information or otherwise explain how the information would support her claims. Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc. 2, ¶1.03, ECF No. 28. However, pursuant to the Federal Rules of Civil Procedure, a Plaintiff need not identify a basis to support her entitlement to the information requested or explain how it would support her claims, but needs only to establish that the information requested is relevant and is within the scope of discovery. *See* Fed. R. Civ. P. 26(b). Further, any concern that Defendants have about the potential use and/or release of information that may be confidential, private or proprietary in

3

nature, can be resolved by an appropriate protective order. *See, In re Continental Gen. Tire, Inc.*, 979 S.W2d 609, 612 (Tex. 1998) (quoting *Federal Open Mkt. Comm. v. Merrill*, 443 U.S. 340, 362 (1979)) (Confidential information may still be disclosed as long as the court enters an appropriate protective order assuring that confidential information is not misused).

## II.
## ARGUMENT AND AUTHORITIES

2.01 The Interrogatories and Requests for Production below are within the scope of discovery permitted by Fed. R. Civ. P. 26 (b). The matters requested are not privileged and they are relevant to the claims asserted by Plaintiff in her suit against Defendants. Plaintiff seeks an order from this Honorable Court compelling each of the Defendants to answer the following discovery requests:

> **Interrogatory No. 8:** Please identify by phone number, dates of service and cellular/mobile service provider, whether personally or as a representative of the City of Edinburg, Texas, each cell phone account you have had from January 01, 2016 to the present.

2.02 Defendants objections to Interrogatory No. 8 are boilerplate and unfounded. *See* Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc., ECF No. 28. Plaintiff's request does not seek information that is immaterial nor is Plaintiff engaged in a "fishing expedition". Rather, the interrogatory seeks information from which the Plaintiff may obtain relevant communications which would establish or lend support to the fact that the Defendants intended to terminate the Plaintiff, whom they believed did not support them, and reward Cary Zayas, a known and established supporter of their political faction. (Exhibit B, Garza Dep. 26:12-29:23).

2.03 Plaintiff seeks cell phone account information for a limited time period. The communications being sought by the Plaintiff cannot be obtained if the phone numbers, dates of service and cellular/mobile service providers are not provided. The burden and expense of providing the information is minimal and does not outweigh its likely benefit. Failure to provide

4

the requested information would allow Defendants to conceal communications required for a fair and just adjudication of Plaintiff's claims.

   2.04 Defendants further object to the disclosure of any items they contend are of a "proprietary nature relating only to Defendants' confidential campaign procedures and which constitute Defendants' confidential trade secrets." Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc. 3, ¶2.01, ECF No. 28. Defendants' objection is unfounded. First, "there is no absolute privilege for trade secrets and similar confidential information." *See In re Continental Gen. Tire, Inc.*, 979 S.W2d 609, 612 (Tex. 1998). Further, the party resisting discovery must establish that the information is indeed a trade secret and that the disclosure would be harmful. *Id.* Further, if Defendants are able to establish the confidential and/or proprietary nature of the information requested but Plaintiff is able to show that the discovery sought is necessary for the fair adjudication of the claim, the "discovery cannot be denied where a *protective order would sufficiently preserve any…interest.*" *Id.* (emphasis in the original). Defendants argument that "divulgence of this material would present an opportunity for competitors to obtain an advantage over Defendants is unsubstantiated as Plaintiff was and is not running for political office. Nevertheless, any potential for the Plaintiff to share this information can be addressed by a protective order.

   2.05 Further objection is made by Defendants on the basis that it would constitute an invasion of privacy of individuals not parties to this suit and would invade the privacy of parties to this suit without justification. Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc. 3, ¶2.01, ECF No. 28. Unlike a privilege, the right of privacy is not an absolute bar to discovery and courts must balance the need for the information against the claimed privacy right. *See, Ragge v. MCA/Universal Studio*, 165 F.R.D. 601, 604 (C.D. Ca. 1995) (right of privacy may be invaded for litigation purposes). Further, privacy concerns will not necessarily prevent discovery when

courts can impose adequate safeguards by way of a protective order. *Tarrant County Hosp. Dist. v. Hughes*, 734 S.W.2d 675, 679 (Tex. App. – Fort Work 1987). Accordingly, as the information sought is necessary for the fair adjudication of Plaintiff's claims, and because adequate safeguards can be imposed by a protective order, Defendants should be ordered to provide the information requested.

**Interrogatory No. 10:**
Please identify any and all documents which lists and/or otherwise identifies any and all individuals who assisted you with your campaign, for the election held in November 2017.

2.06 Defendants assert the same objections asserted in response to Interrogatory No. 8. Accordingly, Plaintiff reasserts its arguments to Defendants' objections stated above. Further, a Party resisting production [of discovery] bears [the] burden of establishing lack of relevancy or undue burden. *St. Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508, 48 Fed. R. Serv. 3d (Callaghan) 1232 (N.D. Iowa 2000). Defendants' boilerplate objections have not established any lack of relevancy nor that production of the same would cause an undue burden. As previously stated, Plaintiffs request is not a fishing expedition and not intended to be burdensome or harassing. On the contrary, Plaintiff seeks to obtain information from Defendants which identifies individuals who assisted the Molina Faction in their campaign and who have information which will shed light on the Defendants' scheme to terminate employees they believed did not support them and to reward those who supported them with jobs with the City of Edinburg, Texas. The information is relevant to the Plaintiff's claim that her termination was politically motivated. Any burden or expense associated with producing the requested information is minimal and does not outweigh its likely benefit. Further, any concern for protecting alleged trade secrets and/or private information can be resolved with an appropriate protective order.

2.07 In their response to Plaintiff's Corrected Motion to Compel Defendants argue that

6

the Plaintiff should have limited the scope of the information requested to a specific person to determine if phone calls had been made between that person and defendants, whether they made campaign contributions, or whether they were campaign supporters who were subsequently hired by the City of Edinburg. Defs' Resp. to Pl.'s Corrected Mot. to Compel Disc. 6, ¶2.03, ECF No. 28. Defendants' argue that Plaintiff threw a large net to troll *ALL* of Defendants cell phone numbers, contributors and supporters, though the information would not support any of Plaintiffs claims. *Id.* If released, Defendants argue that Defendants would be harmed by providing their opponents with information to attempt to convert or harass Defendant's political supporters. *Id.* However, limiting Plaintiff request to specific employees that Plaintiff can identify (pre-discovery) as having been rewarded with a job and/or acted in concert with them would allow Defendants to conceal relevant information. Being able to verify the list of those who assisted the Molina Faction in their campaign with those employees hired after the election resulting in the Molina Factions gaining the political majority is necessary to the fair adjudication of Plaintiff's claims. Further, Plaintiff is not running for office and any concern about her sharing such information with any political rival of the Molina Faction can be resolved with an appropriate protective order.

**Request for Production No. 3:**
Any and all documents pertaining to any communication, meetings, discussions, encounters, and/or conversations, whether private or public, between yourself and Cary Zayas.

2.08    Communications (text messages/emails/social media exchanges) between Defendants and Plaintiff's replacement (Cary Zayas) is relevant to the subject matter and reasonably calculated to lead to the discovery of admissible evidence. The request is specific to communications between Defendants and Cary Zayas. Further, on or about May 8, 2019, Plaintiff sent an email to counsel for Defendants agreeing to limit the request to the relevant time period. (Exhibit A). As previously mentioned, testimony has been given that Ms. Cary Zayas

participated in a meeting with Defendant, Richard Molina, head of Molina Faction, where she and her sister agreed to manage the social media accounts of those in the faction seeking office in the November 2017 election. (Exhibit E, Zayas Dep. 13:9-17). Further, deposition testimony has revealed that Cary Zayas not only had a relationship with Defendant, Richard Molina, but also had a close relationship with his wife, and reported to City Hall with her to decorate the Mayor's office during the Thanksgiving Holiday. (Exhibit C, Hinojosa Dep. 56:6-57:12). This occurred prior to the Plaintiff's termination and before Cary Zayas was hired by the City of Edinburg.

2.09    The inquiry made does not go beyond what is relevant to Plaintiff's claims. Under the Federal Rules, the concept of relevancy is to be given a liberal interpretation. *See. Duplan Corp. v. Deering Milliken, Inc., 397 F. Supp. 1146, 184 U.S.P.Q. (BNA) 775 (D.S.C. 1974).* Plaintiff is alleging that the Molina Faction terminated her as retaliation for not supporting his political campaign and replaced her with Cary Zayas, an established political supporter. The documents requested go to the heart of the Plaintiff's claims. Further, any privacy concerns related to the communications sought can be safeguarded by appropriate protective order.

> **Request for Production No. 4:**
> Any and all documents evidencing/pertaining to any communication, meetings, discussions, encounters, and/or conversations, whether private or public, between yourself and Robyn Zayas.

2.10    Contrary to Defendants' objection, Plaintiff's request is not overly broad and vague. Plaintiff seeks specific information between Defendants and a specific individual with proven ties to the Molina Faction. (Exhibit E, Zayas Dep. 13:9-15:24). In addition to performing other functions for the members of the Molina Faction, Robyn Zayas testified at her deposition on April 23, 2019, that she was hired to maintain the social media platforms for the members of the faction running for office in the November 2017 election. *Id.* The documents

requested are relevant to the Plaintiff's claim that she was terminated due to Defendant's belief that she did not support them and to reward Cary Zayas, a political supporter of the Molina Faction, with employment. Communications (text messages/emails/social media exchanges) between Defendants and Robyn Zayas are relevant to the subject matter and reasonably calculated to lead to the discovery of admissible evidence. Defendants objection that the request would result in an invasion of an individual's right to privacy, if any in the messages sought, can be resolved by an appropriate protective order.

**Request for Production No. 7:**
All documents of any kind or form whatsoever which evidences or relating to any payments made by you and/or your campaign to Cary Zayas, Robyn Zayas and/or Dorian Madrigal.

2.11    Payments made by Defendants running for office in the November 2017 election to those political supporters who were subsequently employed by the City of Edinburg and those persons acting in concert or associated with them is relevant to the Plaintiff claim that she was terminated because Defendants believed she did not support their faction and to reward those who did. The request is not overly broad as it seeks payments from Defendants to specific individuals during the relevant time period. The burden to produce such information is minimal and does not outweigh its benefit. Any concerns Defendants may have due to the allege private or proprietary nature of the information sought can be addressed by way of a protective order.

**Request for Production No. 10:**
All cellular/mobile phone records for each cell phone account you have had, either personally or as a representative of the City of Edinburg, Texas, from January 01, 2016 to the present.

2.12    By this request Plaintiff is seeking to obtain records establishing all communications (phone calls/Text messages) between Defendants and Cary Zayas, Robyn Zayas and/or Dorian Madrigal, all of whom were known political supporters of the Molina Faction and were aware of the Defendants intention to terminate the Plaintiff, Irma Garza, and hire Cary

Zayas in her place. The request is relevant to Plaintiff's claims and is limited in time to the relevant time period. This request is not a fishing expedition since the connection has already been made between the individuals named in the request and the Defendants and were known to have communicated prior and subsequent to the November 2017 election. Documents evidencing/pertaining to communication, meetings, discussion, encounters, and/or conversations are relevant and can lead to the discovery of admissible evidence.

2.13 Considering the information already known by Plaintiff and described above, Defendants responses, "none in my possession", to the requested documentation is highly unlikely. Failure to produce the information requested by Plaintiff in her interrogatories and production request would allow Defendants to conceal information necessary to the fair adjudication of the Plaintiff's claims.

## III.
## REQUEST FOR SANCTIONS

3.01 Additionally, Plaintiff Irma Garza seeks sanctions under Rule 37 for the evasive and/or incomplete answers and responses to Plaintiff's Interrogatories and Request for Production. A party whose conduct necessitates a motion to compel discovery generally is required to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5)(A). Specifically, Rule 37(a)(5)(A) states that if a motion is granted:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

3.02 Here, Plaintiff has made good faith attempts to avoid court intervention by conferring with Defendants' counsel to obtain the sought-after discovery. Plaintiff's counsel had a conversation with Defendants' counsel at the conclusion of a deposition of a witness about the insufficient responses to discovery. During this conversation, Plaintiff clarified several issues related to the discovery, to which Defendants' counsel agreed to supplement their responses. Plaintiff followed up this conversation with Defendants' counsel with and email sent May 8, 2019, narrowing the scope of discovery and clarifying several issues. Yet, to date Defendants' have not supplemented the agreed upon discovery.

3.02 In addition, the Defendants' objections and responses to a reasonable discovery request is unreasonable. Although a court may deny payment of reasonable expenses and attorney's fees if the opposing parties' responses are "substantially justified", that is not the case. Here, Defendants gave boilerplate responses to most Interrogatories and request for production. These responses and answers are not substantially justified in that several of the responses did not address the information being requested.

3.03 Defendants' are attempting to evade or give incomplete responses and answers to discovery. Thus, evasive and incomplete answers and responses must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). It is because of the insufficient responses that were not substantially justified that Plaintiff filed this motion to compel and sanctions.

## IV.
## REQUEST FOR HEARING

4.01 Plaintiff Irma Garza requests a hearing to have the opportunity to be heard pursuant to Fed. R. Civ. P. 37 and SDTX L. R. 7.5.A. As stated above, this motion to compel and for sanctions was drafted and filed due to the Defendants evasive and/or incomplete answers

and responses to Plaintiff's interrogatories and request for production. An award for reasonable expenses incurred is justified since all evasive or incomplete answers and responses must be treated as a failure to disclose or answer. *See* Fed. R. Civ. P. 37(a)(4). Defendants bad-faith efforts warrants an award to Plaintiff for the expenses incurred. Defendants and their counsel should be sanctioned for their bad-faith evasive and/or incomplete answers and responses. Plaintiff Irma Garza respectfully request an oral hearing be set by the Court on the above issues.

## V.
## CONCLUSION

Because Plaintiff's interrogatories and requests for production are proper, relevant and within the scope of discovery and because Defendants refused to answer without the use of boilerplate objections and comply with the rules, Plaintiff asks this Honorable Court to compel Defendants to respond fully to all of the above interrogatories and request for production, in addition to any reasonable expenses and fees incurred in preparing and prosecuting this motion.

Respectfully submitted,

**FLORES & TORRES, LLP**

By: /s/ *David L. Flores*
Mr. David L. Flores
*Attorney in Charge*
State Bar No. 24040909
Federal Id. No. 37348
Tony Torres
State Bar No. 24051438
Federal Id. 665023
**FLORES & TORRES, L.L.P**
118 East Cano
Edinburg, Texas 78539
Telephone: (956) 287-9191
Facsimile: (956) 287-9190
Email:davidf@floresandtorresllp.com
***Attorney for Plaintiff Irma Garza***

## Certificate of Good Faith Attempts to Resolve Discovery Dispute

The undersigned counsel for the Plaintiff certifies that counsel for the above parties have been unable to reach an agreement concerning this dispute, and states:

That on April 24, 2019, the attorney representing the Plaintiff requested that Defendants Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez supplement their Answers to Interrogatories and produce responsive documents. A copy of said letter is attached hereto and prayed to be read as a part hereof as Exhibit A. Further, a follow up email was sent on May 8, 2019, and the parties were unable to resolve the issues addressed herein.

By: /s/David L. Flores
David L. Flores

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, a true and correct copy of the foregoing instrument has been served on counsel of record listed as listed below:

Heather Scott
*Of Counsel*
**GUERRA, LEEDS, SABO & HERANDEZ, P.L.L.C.**
10123 North 10th Street
McAllen, Texas 78504
Phone: (956) 541-1846
Facsimile: (956) 541-1893
Email: hscott@guerraleeds.com
*Attorney for Defendant City of Edinburg*

Mr. J. Arnold Aguilar
*Attorney in Charge*
Email: arnold@agilarzabartellc.com

Mr. Francisco J. Zabarte
*Of Counsel*
State Bar No. 22235300
Federal Id. No. 10747
**AGUILAR & ZABARTE, L.L.C.**
990 Marine Drive
Brownsville, Texas 78520
*Attorneys for Defendants' Richard Molina,
David Torres, Jorge Salinas and Gilbert Enriquez*

By: /s/David L. Flores
David L. Flores

13

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRMA GARZA<br>Plaintiff, | §<br>§<br>§ | |
| Vs. | §<br>§ | CIVIL ACTION NO. 7:18-CV-00267 |
| THE CITY OF EDINBURG, TEXAS<br>RICHARD MOLINA, DAVID TORRES,<br>JORGE SALINAS and GILBERT<br>ENRIQUEZ | §<br>§<br>§<br>§ | |

**ORDER GRANTING PLAINTIFF IRMA GARZA'S CORRECTED MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

On this day the Court considered the Plaintiff Irma Garza's Corrected Motion to Compel Discovery and for Sanctions and after reviewing the evidence and hearing the arguments, the Court finds that the Motion should be **GRANTED.**

**IT IS THEREFORE ORDERED** that Defendants **Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez** be **ORDERED** to completely and fully respond to the Interrogatories as requested hereinabove.

**IT IS FURTHER ORDERED** that Defendants **Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez** be **ORDERED** to produce the documents requested in Plaintiff's Request for Production No. 3, 4, and 10 to the office of David L. Flores, FLORES & TORRES, L.L.P. by July 7, 2019.

**IT FURTHR ORDERED** that Defendants **Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez** be **ORDERED** to pay attorney's fees of one thousand dollars ($1,000.00) to David L. Flores, FLORES & TORRES, L.L.P. by July 7, 2019.

SIGNED on _____, 2019.

_____
JUDGE PRESIDING