IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRMA GARZA | § | |
| *Plaintiff* | § | |
| | § | |
| | § | CIVIL ACTION NO. 18-cv-267 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| THE CITY OF EDINBURG, TEXAS | § | |
| RICHARD MOLINA, DAVID | § | |
| TORRES, JORGE SALINAS and | § | |
| GILBERT ENRIQUEZ | § | |
| *Defendant* | § | |

**DEFENDANT CITY OF EDINBURG'S MOTION TO STRIKE
STATEMENT OF CHANGES TO DEPOSITION OF ROBYN ZAYAS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, THE CITY OF EDINBURG, TEXAS, a named Defendant in the above-styled and numbered cause, and files this its Motion to Strike Statement of Changes to Deposition of Robyn Zayas, and in support thereof, would respectfully show unto the Court as follows:

**I.
BACKGROUND**

1. Plaintiff noticed the deposition of Robyn Zayas, who worked for the political campaign of Richard Molina. The deposition took place on April 23, 2019, and all parties, through counsel, had the opportunity to examine Ms. Zayas. On May 30, 2019, Ms. Zayas prepared a statement of changes to her deposition testimony. *See* Exhibit A. Defendant City of Edinburg challenges such changes and hereby moves for an order striking the same.

# II.
# ARGUMENTS & AUTHORITY

Federal Rule of Civil Procedure Rule 30(e)(1)(B) allows for changes to depositions, requiring that they be listed with a reason for making them. These changes, however, are subject to the Court's review upon challenged:

> Courts take three different approaches when a party challenges proposed substantive changes to deposition testimony pursuant to Rule 30(e). The least restrictive approach allows substantive changes, but the prior testimony remains a part of the record and can be used for impeachment purposes. The most restrictive approach allows deponents to correct only typographic and transcription errors. Other courts take a "sham affidavit" approach. The Fifth Circuit has not announced its position with respect to the three approaches.

*Mata v. Caring for You Home Health, Inc.*, 94 F. Supp. 3d 867, 871-72 (S.D. Tex. 2015) (citing *Devon Energy Corp. v. Westacott*, 2011 WL 1157334 (S.D. Tex. Mar. 24, 2011) (collecting cases); *Eicken v. USAA Fed. Savings Bank*, 498 F. Supp. 2d 954, 961-62 (S.D. Tex. 2007); *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 566 (6th Cir. 2009); *Hambleton Bros. Lumber Co. v. Balkin Entrs.*, 397 F.3d 1217, 1225 (9th Cir. 2005)). But before the proposed changes are subject to scrutiny under one of the three approaches, the deponent must include a reason for making the changes:

> A statement of reasons explaining corrections is an important component of errata submitted pursuant to [Rule] 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose. . . . The absence of any stated reasons for the changes supports the magistrate judge's concern that the "corrections" were not corrections at all, but rather purposeful rewrites tailored to manufacture an issue of material fact . . . .

*Hambleton Bros. Lumber Co. v. Balkin Entrs.*, 397 F.3d 1217, 1224-25 (9th Cir. 2005) *cited in EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 266 (3d Cir. 2010); *see Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1406 (N.D. Ill. 1993) ("[Rule] 30(e) allows a witness to make . . . 'changes

in form or substance' to a deposition transcript but requires a statement of reasons for making them."). "Courts have found that the failure to provide a statement of reasons alone suffices to strike a proposed change." *EBC, Inc. v. Clark Bldg. Sys.*, 618 F.3d 253, 266 (3d Cir. 2010) (citations omitted).

The statement of changes provided by Robyn Zayas, Exhibit A, lists nineteen (19) changes to her testimony, and she identifies a reason for only the first two changes. Based on the fact that her statement fails to identify a reason for changes 3 through 19 and, thus, fails to meet the requirements of Rule 30(e), Defendant City of Edinburg hereby moves for an order striking such changes.

As for the first listed change, which is purportedly made because Ms. Zayas "was extremely nervous and afraid to talk about [her] sister," the Court should adopt a restrictive approach because the proffered reason is not a legitimate reason for misleading the parties in her deposition. Exhibit A. The Court should not allow a deponent to hold back testimony due to fear without any regard or consideration of the oath not to commit perjury or, at the very least, her obligation not to deceive. On this basis, the first listed change should be ordered stricken.

Defendant City of Edinburg does not challenge the clarification contained in the second listed change in Ms. Zayas' statement.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant City of Edinburg prays that the Court grant its Motion, enter an Order striking Robyn Zayas' statement of changes pertaining to her deposition testimony as outlined above, and grant such other and further relief to which Defendant may show itself to be justly entitled to receive.

Signed on June 18, 2019.

Respectfully submitted,

/s/ *Ysmael D. Fonseca*
Ysmael Fonseca
State Bar No. 24069726
USDC Adm. No. 1139283
Email: yfonseca@guerraleeds.com
*Of Counsel*

Heather Scott
State Bar No. 24046809
USDC Adm. No. 575294
Email: hscott@guerraleeds.com
*Of Counsel*

R.D. "Bobby" Guerra
*Attorney In Charge*
State Bar No. 08578640
USDC Adm. No. 5949
Email: RDGuerra@guerraleeds.com.

GUERRA, LEEDS, SABO
& HERNANDEZ, P.L.L.C.
10123 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
*Of Counsel*
**Attorneys for Defendant City of Edinburg**

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Plaintiff and the individual Defendants concerning the relief sought herein, and that Mr. David Flores has indicated he is opposed and that Mr. Arnold Aguilar has stated he is unopposed.

By: /s/ *Ysmael D. Fonseca*
Ysmael Fonseca

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of June, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. David L. Flores
Flores & Torres, L.L.P
118 East Cano
Edinburg, Texas 78539

Mr. J. Arnold Aguilar
Mr. Francisco J. Zabarte
Aguilar & Zabarte, L.L.C.
990 Marine Drive
Brownsville, Texas 78520

By: /s/ *Ysmael D. Fonseca*
Ysmael Fonseca