UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IRMA GARZA §<br>Plaintiff, §<br>　§<br>V. §<br>　§ CIVIL NO. 7:18-CV-00267<br>　§ JURY REQUESTED<br>THE CITY OF EDINGURG, TEXAS, §<br>RICHARD MOLINA, DAVID TORRES, §<br>JORGE SALINAS and GILBERT ENRIQUEZ §<br>Defendants. §| |

### PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

NOW COMES **IRMA GARZA**, Plaintiff, complaining of **THE CITY OF EDINBURG**, and **RICHARD MOLINA, DAVID TORRES, JORGE SALINAS,** and **GILBERT ENRIQUEZ**, individually and in their official capacity as council members of the City of Edinburg, and in support thereof would show the following:

### I.
### NATURE OF ACTION

1.1     This is an action under the United States Constitution for violation of Plaintiff's rights under the First and Fourteenth Amendments.

1.2     Specifically, while acting under color of law, Defendants took adverse employment actions against Plaintiff's employment in violation of her due process rights and protected first amendment rights.

### II.
### JURISDITION AND VENUE

2.1     Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1337, 1443, 1345, 1441 and 42 USC 1983. In addition, this Court has supplemented jurisdiction

under 28 USC 1367 over Plaintiff's factually identical claims arising under State law.

2.2    The employment practices to be alleged and unlawful were and are currently being committed within the Jurisdiction of the United States District Court for the Southern District of Texas, McAllen Division.

## III.
## PARTIES

3.1    Plaintiff, IRMA GARZA is a resident of Hidalgo County, Texas.

3.2.    Defendant, THE CITY OF EDINBURG, is a municipality in the state of Texas located entirely in Hidalgo County. THE CITY OF EDINBURG may be served with process by serving their attorney of record Heather Scott of GUERRA, LEEDS, SABO & HERNANDEZ, P.L.L.C. 1534 East 6th Street, Suite 200 Brownsville, Texas 78520.

3.3    Defendant, RICHARD MOLINA is being sued in his individual and official capacity as the Mayor of the City of Edinburg and may be served with process through his attorney of record Mr. J. Arnold Aguilar of AGUILAR & ZABARTE, L.L.C., 990 Marine Drive, Brownsville, Texas 78520.

3.4    Defendant, DAVID TORRES is being sued in his individual and official capacity as a council member of the City of Edinburg and may be served with process through his attorney of record Mr. J. Arnold Aguilar of AGUILAR & ZABARTE, L.L.C., 990 Marine Drive, Brownsville, Texas 78520.

3.5    Defendant, JORGE SALINAS is being sued in his individual and official capacity as a council member of the City of Edinburg and may be served with process through his attorney of record Mr. J. Arnold Aguilar of AGUILAR & ZABARTE, L.L.C., 990 Marine Drive, Brownsville, Texas 78520.

3.6    Defendant, GILBERT ENRIQUEZ is being sued in his individual and official

capacity as a council member of the City of Edinburg and may be served with process through his attorney of record Mr. J. Arnold Aguilar of AGUILAR & ZABARTE, L.L.C., 990 Marine Drive, Brownsville, Texas 78520.

## IV.

## FACTUAL ALLEGATIONS

4.1     Plaintiff, Irma Garza, was first employed by the City of Edinburg, Texas as the Director of Public Information on October 01, 2008. As the Director of Public Information, Ms. Garza served under the City Manager. Pursuant to Article V, Section 7 of the Edinburg City Charter, the City Council is not to interfere with, or in any manner take part in the appointment of officers and/or employees who serve under the City Manager.

4.2     Throughout her employment, the Plaintiff performed her duties with dedication, loyalty and hard work. Plaintiff received performance appraisals with very high ratings. Prior to the Defendants gaining control of the Edinburg City Council, Plaintiff never had any adverse employment action taken against her nor was she ever written up for job related improper conduct. Ms. Garza, who is an utmost professional, worked through the tenure of two previous administrations with the City of Edinburg.

4.3     In November of 2017 the Edinburg City Council conducted elections which resulted in the seating of a new political majority that is made up of each of the individual defendants, hereinafter referred to as the "Molina faction". Each individual defendant, including those elected members who were not running for office, openly and publicly campaigned for those individual defendants running for office in the November 2017 election. The individual defendants would attend political functions together as a cohesive and unified group. Further, the individual defendants which make up the Molina faction each publicly expressed their support for each other

through social medial outlets.

4.4     Several months prior to the date of the election, then City Council member, Richard Molina, approached Alfredo Herrera, Jr., who worked directly under the Plaintiff, Irma Garza, and complained to him that Ms. Garza was not attending his political events. He further complained to Mr. Herrera that he believed Ms. Garza supported the opposing candidate. On several occasions, defendant, Richard Molina, sent Ms. Garza text messages requesting her attendance at certain political functions.

4.5     During the election campaign, the council members who were subsequently elected and those current board members with whom they were aligned made known their plan/scheme to reward their political supporters with jobs and terminate, demote and reassign employees they perceived as not supporting their faction. This scheme of political patronage was devised by the individual defendants in order to garner support for the upcoming election. The Plaintiff, Irma Garza, became aware that she was being specifically targeted for termination from members of the community with knowledge of the Defendants' scheme. Specifically, Ms. Garza was informed by several members of the community that she was being targeted for termination due to her non-support of the defendants, and further that she was being replaced with Cary Zayas, a known political supporter of Richard Molina and his faction. Prior to terminating the Plaintiff and hiring Cary Zayas as her replacement, Ms. Zayas publicly denied allegations that she would be replacing Ms. Garza as the director of Public Information.

4.6     Upon being sworn in, the new political majority (the "Molina Faction") comprised of defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, set about on a campaign to reward those employees who were related to the new board majority and those who had openly supported their faction. They also set about retaliating against those employees who had not

supported their faction. Consistent with the allegations that prevailed during the campaign, in addition to the Plaintiff, other individuals who were known to have been targeted by the Molina faction were terminated and replaced with political supporters of the new Majority. Without the participation of each of the individual defendants named herein, defendants would not have been able to accomplish their plan to terminate employees they believed did not support their group, and reward those who did. Therefore, each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction.

4.7     As part of the retaliation by the Molina faction, in order to make room for the political patronage that was necessary to reward their relatives, supporters and campaign workers, the Board members directed, then City Manager Richard Hinojosa, to terminate employees such as Plaintiff who, during the campaign, were not openly supporting the Molina faction.

4.8     On or about January 17, 2018, Mr. Hinojosa informed the Plaintiff that she should start looking for another job as the Mayor, Richard Molina, had directed him to terminate her employment. Mr. Hinojosa informed the Plaintiff that Richard Molina expressed to him that he believed Ms. Garza was loyal to the previous administration. Although the City Charter prohibits City Council members from interfering with the appointment and removal of City employees, Richard Hinojosa informed the Plaintiff that there was nothing he could do to save her job.

4.9     On or about February 21, 2018, Plaintiff was notified in person by City Manager, Richard Hinojosa, of her termination and was instructed by Mr. Hinojosa to immediately vacate the City of Edinburg office building. At that time Mr. Hinojosa informed the Plaintiff that he couldn't do anything about the City Council's directive to terminate her. Subsequent thereto, as alleged during the campaign, Cary Zayas was hired to replace the Plaintiff as the Director of Public Information.

4.10 The adverse retaliatory employment action taken by Mr. Hinojosa against the Plaintiff were at the direction of the Molina faction. Each of the individual defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction. The participation of each of the individual defendants who made up the majority voting bloc for the Edinburg City Council was necessary in order to exert their influence over the City Manager. Defendants scheme to reward supporters of their faction with jobs and to terminate those employees they perceived as not supporting their faction was not possible without the participation of each of the individual defendants.

4.11 The Plaintiff in this lawsuit was not an employee who had direct dealings with the Edinburg City Council or might fall into the category of an employee who, because of their relationship to the City Council would not have First Amendment Rights as defined by the 5th Circuit Court of Appeals in *Kinsey v. Salado ISD*, 950 F2d 988 (5th Cir.1992). Additionally, the Plaintiff's exercise or in this case the restraint of her right to freedom of speech and association did not conflict with her role as an employee.

## V.
## 42 U.S.C. SECTION 1983

5.1 Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subject such individual to the deprivation of any rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. The Plaintiff was subjected to the deprivation of her Constitutional rights as set forth below.

## VI.
## DENIAL OF DUE PROCESS

6.1 Paragraphs 4.1 through 4.11 are incorporated herein by reference. Plaintiff, Irma

Garza had a constitutionally protected property interests by virtue of her employment with the City of Edinburg at the time that adverse action was taken against her. The termination of the Plaintiff, without being given any prior notice or reasons and an opportunity to be heard, is a violation of Plaintiff's right to due process and due course of law. Additionally, she was deprived of her liberty and property interests without adequate procedural and substantive protection prior to the unlawful taking (i.e. termination) of her employment. The termination of the Plaintiff is in violation of the liberty and the property interests of the Plaintiff which is guaranteed under the Constitution of the State of Texas and the Fourteenth Amendment of the United States Constitution as protected under 42 U.S.C. Section 1983. This denial of due process has caused current and future financial loss job security past and future loss of reputation, and severe emotional distress to the Plaintiff which continues and is ongoing.

6.2    Paragraphs 4.1 to 4.11 are incorporated herein by reference. The Plaintiff has a protected liberty interest under the 14th Amendment to not be terminated for unconstitutional reasons. And therefore, on this basis, the Plaintiff may seek redress pursuant to 42 U.S.C. 1983.

## VII.
## VIOLATION OF FIRST AMENDMENT RIGHTS

7.1    Paragraphs 4.1 through 4.11 are incorporated herein by reference. The Plaintiff's political activity and right of association is protected under the First Amendment of the Constitution of the United States, and the defendants, jointly and severally, violated the law by firing her because she did not support them politically and to make room for a political supporter. The Plaintiff restrained her speech on matters of politics and participated or refrained from participating in political activities away from the job setting which are directly related to her right to freedom of association. Defendants denied Plaintiff's rights of freedom of speech and association under the First and Fourteenth Amendment to the United States Constitution by retaliating against her for

exercising her protected speech and political association. Because the actions causing harm to Plaintiff were taken by the direction and approval of the majority of the City of Edinburg City Council, such acts of retaliation against the Plaintiff for her exercise of her First Amendment Rights represents an official policy of the City of Edinburg, rendering the city liable to Plaintiff for her actual damages under 42 U.S.C. Section 1983.

## VIII.
## FAIR LABOR STANDARDS ACT VIOLATIONS

8.1     Plaintiff incorporates Paragraphs 4.1 through 4.11 by reference.

8.2     29 U.S.C. Sec. 216(b) allows individual employees the right to bring suit for unpaid wages.

8.3     Plaintiff, Irma Garza, had her position terminated. Her Termination, in addition to being an act of political retaliation, was a violation of the Fair Labor Standards Act. 29 U.S.C. 215(a)(3) states that any employer who violates provision of section 215(a)(3) shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3), including without limitation, employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## IX.
## INDIVIDUAL LIABILITY

9.1     Paragraphs 4.1 through 4.11 are incorporated by reference. Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez have acted outside the proper course and scope of their official duties as members of the Edinburg City Council, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws. The individual defendants, City Council Members, conspired to retaliate and terminate Plaintiff as evidenced by their directive to then City Manager Richard Hinojosa to terminate the Plaintiff and

replace her with one of their political supporters; in violation of the Plaintiff's First Amendment rights. The City Manager is employed at the discretion of the majority of the City Council for the City of Edinburg. Defendants would not have been able to intimidate and/or influence the City Manager to terminate the Plaintiff and hire a supporter of the defendant's political faction without the threat/influence of the majority of the City Council, which is made up of each of the individual defendants.

## X.
## ACTUAL DAMAGES

10.1   By reason of the above actions alleged in paragraphs 4.1 through 4.11, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

## XI.
## COMPENTSATORY DAMAGES

11.1   Pursuant to the federal statutes cited above, the Plaintiffs are entitled to compensatory damages.

## XII.
## EXEMPLARY DAMAGES

12.1   Paragraphs 4.1 through 4.11 are incorporated herein by reference. Defendant, City of Edinburg, by and through its elected members, acted intentionally, willfully, and in wanton disregard of the rights of the Plaintiff herein. Accordingly, Plaintiff is entitled to recover from Defendants, the City of Edinburg, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, the individual defendants, in addition to compensatory damages, an award of exemplary damages in an amount to be determined by a Jury, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

## XIII.

## ATTORNEY FEES

13.1    Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to retain the undersigned attorneys to prosecute this claim on her behalf, and she is entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United State Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and for a trial by jury.  Upon trial, Plaintiff prays for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiff's job security and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**FLORES & TORRES, LLP**

By: */s/ David L. Flores*
David L. Flores
Fed. Bar No. 37348
Texas Bar No. 24040909
Tony Torres
Fed. Bar No. 665023
Texas Bar No. 24051438
118 E. Cano
Edinburg, Texas 78539
Tel. (956) 287-9191
Fax. (956) 287-9190
***Attorneys for Plaintiff, Irma Garza***

## CERTIFICATE OF SERVICE

      I hereby certify that on March 20, 2019, a true and correct copy of the foregoing instrument has been served on counsel of record listed as listed below:

Heather Scott
*Of Counsel*
**GUERRA, LEEDS, SABO & HERANDEZ, P.L.L.C.**
10123 North 10th Street
McAllen, Texas 78504
Phone: (956) 541-1846
Facsimile: (956) 541-1893
Email: hscott@guerraleeds.com
*Attorney for Defendant City of Edinburg*

Mr. J. Arnold Aguilar
*Attorney in Charge*
State Bar No. 00936270
Federal Id. No. 6822
Email: arnold@agilarzabartellc.com

  And

Mr. Francisco J. Zabarte
*Of Counsel*
State Bar No. 22235300
Federal Id. No. 10747
**AGUILAR & ZABARTE, L.L.C.**
990 Marine Drive
Brownsville, Texas 78520
Telephone: (956) 504-1100
Facsimile: (956) 504-1408
*Attorneys for Defendants' Richard Molina,*
*David Torres, Jorge Salinas and Gilbert Enriquez*

                                                 By: */s/David L. Flores*
                                                    David L. Flores

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IRMA GARZA<br>Plaintiff,<br><br>V.<br><br>THE CITY OF EDINGURG, TEXAS,<br>RICHARD MOLINA, DAVID TORRES,<br>JORGE SALINAS and GILBERT ENRIQUEZ<br>Defendants. | §<br>§<br>§<br>§<br>§  CIVIL NO. 7:18-CV-00267<br>§  JURY REQUESTED<br>§<br>§<br>§<br>§ |

**AFFIDAVIT IN SUPPORT OF**
**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

BEFORE ME, the undersigned authority, personally appeared Irma Garza, who being duly sworn, deposed as follows:

"My name is Irma Garza. I am the Plaintiff. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged herein.

_____
IRMA GARZA

SUBSCRIBED AND SWORN TO BEFORE ME on this 20 day of March, 2019, by IRMA GARZA.

_____
Notary Public, State of Texas

MARIA QUINTANILLA
Notary Public, State of Texas
My Commission Expires
June 08, 2019