IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRMA GARZA | § | |
| *Plaintiff* | § | |
| | § | |
| | § | CIVIL ACTION NO. 18-cv-267 |
| VS. | § | (JURY REQUESTED) |
| | § | |
| THE CITY OF EDINBURG, TEXAS | § | |
| RICHARD MOLINA, DAVID | § | |
| TORRES, JORGE SALINAS and | § | |
| GILBERT ENRIQUEZ | § | |
| *Defendant* | § | |

**DEFENDANT CITY OF EDINBURG'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, CITY OF EDINBURG, TEXAS, named Defendant in the above styled and numbered matter, and files this its First Amended Answer to Plaintiff's First Amended Original Complaint, and will show as follows. Plaintiff is Irma Garza, hereinafter referred to by name or as Plaintiff. Defendant City of Edinburg, Texas will hereinafter be referred to by name or as Defendant City.

**I.
AMENDED ANSWER**

1. Defendant City denies each and all of Plaintiff's allegations except to the extent expressly admitted herein.

2. Defendant City cannot admit or deny the averment contained in paragraph 1.1 under

section I entitled Nature of Action. Defendant City admits that Plaintiff seeks certain relief in this lawsuit, but denies that Plaintiff is entitled to any of the relief sought. Defendant City denies that any event or omission occurred giving rise to Plaintiff's claims and the factual allegations contained in this lawsuit.

3. Defendant City denies the allegations contained in paragraph 1.2.

4. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.1 under section II entitled Jurisdiction and Venue. Defendant City denies that any event or omission occurred giving rise to Plaintiff's claims and denies the factual allegations contained in paragraph 2.2 under section II entitled Jurisdiction and Venue, but does admit that Defendant City of Edinburg is located in Hidalgo County, Texas within the Southern District of Texas, McAllen Division.

5. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 3.1 under section III entitled Parties. Defendant City admits the averments contained in paragraph 3.2 in that Defendant City of Edinburg is a municipality in the State of Texas located in Hidalgo County and admits that Defendant City of Edinburg has already entered its appearance in this lawsuit. Defendant City further asserts that it denies that any event or omission occurred giving rise to Plaintiff's claims and denies said factual allegations. Defendant City would further state that the Defendants identified in paragraphs 3.3

through 3.6 are being represented by separate counsel and will neither admit nor deny the statements contained in paragraphs 3.3 through 3.6.

6. Defendant City admits the statements contained in paragraph 4.1 under section IV entitled Factual Allegations.

7. Defendant City admits in part and denies in part the allegations contained in paragraph 4.2. Defendant City admits that the Plaintiff worked for the City of Edinburg as the Director of Public Information since October 1, 2008. Defendant City denies the remainder of the allegations contained in paragraph 4.2.

8. Defendant City admits in part the allegations contained in paragraph 4.3. Defendant City admits that there was an election in November 2017 for certain positions on the Edinburg City Council. Defendant City is without knowledge as to the remainder of the factual allegations contained in paragraph 4.3 as they pertain to actions of the individual defendants.

9. Defendant City is without knowledge as to the factual allegations contained in paragraph 4.4 and cannot admit or deny said factual allegations as they pertain to actions of the individual defendants. To the extent said factual allegations pertain to actions on the part of the City of Edinburg, Defendant City denies said factual allegations contained in paragraph 4.4.

10. Defendant City is without knowledge as to the factual allegations contained in paragraph 4.5 and cannot admit or deny said factual allegations as they pertain to

actions of the individual defendants. To the extent said factual allegations pertain to actions on the part of the City of Edinburg, Defendant City denies said factual allegations contained in paragraph 4.5.

11. Defendant City is without knowledge as to the factual allegations contained in paragraph 4.6 and cannot admit or deny said factual allegations as they pertain to actions of the individual defendants. To the extent said factual allegations pertain to actions on the part of the City of Edinburg, Defendant City denies said factual allegations contained in paragraph 4.6.

12. Defendant City denies the factual allegations contained in paragraphs 4.7 and 4.8.

13. Defendant City admits in part and denies in part the allegations contained in paragraph 4.9. Defendant City admits that the Plaintiff was terminated from her employment on or about February 21, 2018. Defendant City admits that after the Plaintiff's termination, the job posting and interview/selection process, the then City Manager selected Cary Zayas for the position of Director of Public Information. Defendant City denies the remainder of the allegations contained in paragraph 4.9.

14. Defendant City denies the allegations contained in paragraph 4.10.

15. Defendant City cannot admit or deny the averments contained in paragraph 4.11 as it is restating a proposition of law. Defendant City denies the remainder of allegations contained in paragraph 4.11.

16. Defendant City cannot admit or deny the averments contained in the first sentence of

paragraph 5.1 as it is restating a proposition of law. Defendant City denies the remainder of allegations contained in paragraph 5.1.

17. Defendant City denies the factual allegations contained in paragraphs 6.1 and 6.2. Defendant City acknowledges that in paragraphs 6.1 and 6.2, Plaintiff incorporates by reference paragraphs 4.1 through 4.11; however, Defendant City further asserts that it has already responded to paragraphs 4.1 through 4.11 as set forth above. Defendant City further denies that the Plaintiff is entitled to any of the relief requested in paragraphs 6.1 and 6.2.

18. Defendant City denies the factual allegations contained in paragraph 7.1. Defendant City acknowledges that in paragraph 7.1, Plaintiff incorporates by reference paragraphs 4.1 through 4.11; however, Defendant City further asserts that it has already responded to paragraphs 4.1 through 4.11 as set forth above. Defendant City further denies that the Plaintiff is entitled to any of the relief requested in paragraph 7.1.

19. Defendant City denies the factual allegations contained in paragraphs 8.1 through 8.3. Defendant City acknowledges that in paragraph 8.1, Plaintiff incorporates by reference paragraphs 4.1 through 4.11; however, Defendant City further asserts that it has already responded to paragraphs 4.1 through 4.11 as set forth above. Defendant City cannot admit or deny the averment contained in paragraph 8.2 as it is restating a proposition of law. Defendant City admits that Plaintiff seeks certain relief

in paragraphs 8.1 through 8.3, but denies that Plaintiff is entitled to any of the relief sought.

20. Defendant City denies the factual allegations contained in paragraph 9.1, however Defendant City will defer to the individual defendants to answer to the factual allegations set forth in paragraph 9.1. Defendant City acknowledges that in paragraph 9.1, Plaintiff incorporates by reference paragraphs 4.1 through 4.11; however, Defendant City further asserts that it has already responded to paragraphs 4.1 through 4.11 as set forth above.

21. Defendant City denies the factual allegations contained in paragraph 10.1. Defendant City acknowledges that in paragraph 10.1, Plaintiff incorporates by reference paragraphs 4.1 through 4.11; however, Defendant City further asserts that it has already responded to paragraphs 4.1 through 4.11 as set forth above. Defendant City admits that Plaintiff seeks certain relief in paragraph 10.1, but denies that Plaintiff is entitled to any of the relief sought.

22. Defendant City denies the factual allegations contained in paragraph 11.1. Defendant City admits that Plaintiff seeks certain relief in paragraph 11.1, but denies that Plaintiff is entitled to any of the relief sought.

23. Defendant City denies the factual allegations contained in paragraph 12.1. Defendant City admits that Plaintiff seeks certain relief in paragraph 12.1, but denies that Plaintiff is entitled to any of the relief sought.

24. Defendant City denies the factual allegations contained in paragraph 13.1. Defendant City admits that Plaintiff seeks certain relief in paragraph 13.1, but denies that Plaintiff is entitled to any of the relief sought.

25. Defendant City denies the factual allegations contained in prayer paragraph of Plaintiff's First Amended Original Complaint. Defendant City admits that Plaintiff seeks certain relief in this lawsuit, but denies that Plaintiff is entitled to any of the relief sought.

## II.
## AFFIRMATIVE DEFENSES

26. Defendant City would show that there has been no violation of the Plaintiff's constitutional rights.

27. Defendant City asserts that Plaintiff has not identified a violation of a clearly established constitutional right, and accordingly, there is no constitutional violation for which Plaintiff to base her municipal liability claim against the City of Edinburg.

28. Defendant City asserts that Plaintiff has failed to identify any protected speech she allegedly made that would serve as a basis for her claim under the First Amendment.

29. Defendant City asserts that Plaintiff has not identified a property interest provided to her by Defendant, how she was deprived of that interest by Defendant, how that interest was constitutionally protected, and how any process used by the Defendant lacked fundamental fairness.

30. Defendant City asserts that Plaintiff has failed to identify any request she made for a pre-deprivation or post-deprivation hearing or a name-clearing hearing, which is necessary

to establish a procedural or substantive due process claim.

31. Without waiving the foregoing, Defendant City of Edinburg would should that at all times, Defendant acted with a legitimate, non-discriminatory purpose.

32. Without waiving the foregoing, Defendant City of Edinburg will show that Defendant City would have taken the same action against the Plaintiff based solely on information, observation, and evidence that was not related to the Plaintiff's alleged protected activities, although Defendant City denies that the Plaintiff has identified any protected speech she allegedly made or any protected activity she was allegedly engaged in.

33. Without waiving the foregoing, Defendant City of Edinburg will show that Plaintiff's claim under the Fair Labor Standards Act is not actionable as there is no factual allegation or finding of unpaid wages to the Plaintiff.

34. Defendant City would show that Defendant City of Edinburg is immune from liability for punitive or exemplary damages under 42 U.S.C. section 1983 as set forth in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

35. To the extent Plaintiff's claim for punitive/exemplary damages is governed by state law, then any such damages are limited by chapter 41 of the TEX. CIV. PRAC. & REM. CODE. The amount of punitive/exemplary damages is further limited by (1) the 14th Amendment's Due Process clause, U.S. Constitution, and (2) Texas Constitution, article 1, section 13 and 19, the Due Course of Law clause.

36. Defendant City would show that any loss or damages alleged by Plaintiff, if any, were caused in whole or in part by Plaintiff's failure to use reasonable efforts to mitigate her damages.

Specifically, a plaintiff alleging wrongful termination has a duty to mitigate damages by making a good faith effort to obtain and retain employment.

37. Plaintiff is not entitled to attorney's fees because Plaintiff is not a prevailing party, and Defendant City of Edinburg is entitled to its attorney's fees pursuant to 42 U.S.C. § 1988.

## III.
## RESERVATIONS

Without waiving the foregoing denials and affirmative defenses but still insisting upon the same for further answer, if any be necessary, Defendant City of Edinburg reserves its right to file any and all amended answers, cross-actions, third-party actions, counter-claims, motions, dispositive motions, including, but not limited to, motions for summary judgment, and discovery as Defendant City of Edinburg may deem proper.

## IV.
## JURY DEMAND

Defendant City of Edinburg hereby requests a trial by jury.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT CITY OF EDINBURG, TEXAS, prays that upon final trial and hearing hereof, Plaintiff takes nothing by this suit, that Defendant City recover all costs incurred herein, including reasonable and necessary attorney's fees and that Defendant City has such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Signed on July 22, 2019.

Respectfully submitted,

/s/ Heather Scott
Heather Scott
State Bar No. 24046809
USDC Adm. No. 575294
Email: hscott@guerraleeds.com
*Of Counsel*

Ysmael Fonseca
State Bar No. 24069726
USDC Adm. No. 1139283
Email: yfonseca@guerraleeds.com
*Of Counsel*

R.D. "Bobby" Guerra
*Attorney In Charge*
State Bar No. 08578640
USDC Adm. No. 5949
Email: RDGuerra@guerraleeds.com.

GUERRA, LEEDS, SABO
& HERNANDEZ, P.L.L.C.
10123 N. 10th Street
McAllen, Texas 78504
Telephone: (956) 541-1846
Facsimile: (956) 541-1893
*Of Counsel*
**Attorneys for Defendant City of Edinburg**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument has on July 22, 2019, been forwarded to all counsel of record as noted hereunder:

*Via Electronic Notice*
Mr. David L. Flores
Flores & Torres, L.L.P
118 East Cano
Edinburg, Texas 78539

*Via Electronic Notice*
Mr. J. Arnold Aguilar
Mr. Francisco J. Zabarte
Aguilar & Zabarte, L.L.C.
990 Marine Drive
Brownsville, Texas 78520

                                          By: /s/ Heather Scott
                                                Heather Scott