UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IRMA GARZA | § | |
| Plaintiff, | § | |
| | § | |
| Vs. | § | |
| | § | CIVIL ACTION NO. 7:18-CV-267 |
| THE CITY OF EDINBURG, TEXAS | § | |
| RICHARD MOLINA, DAVID TORRES, | § | |
| JORGE SALINAS and GILBERT | § | |
| ENRIQUEZ | § | |
| Defendants. | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Plaintiff's Response to Defendants' Second Motion for Judgment on the Pleadings*

# EXHIBIT A

Deposition Excerpts of Richard Hinojosa

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF TEXAS
                  MCALLEN DIVISION

IRMA GARZA                )(
   Plaintiff              )(
                          )(
VS.                       )(   CIVIL ACTION NO.
                          )(   7:18-cv-267
THE CITY OF EDINBURG,     )(
TEXAS, RICHARD MOLINA,    )(
DAVID TORRES, JORGE       )(
SALINAS AND GILBERT       )(
ENRIQUEZ                  )(
   Defendants             )(
```

---

ORAL AND VIDEOTAPED DEPOSITION OF
RICHARD HINOJOSA
APRIL 23, 2019

---

ORAL AND VIDEOTAPED DEPOSITION OF RICHARD HINOJOSA, produced as a witness at the instance of the PLAINTIFF, taken in the above styled and numbered cause on April 23, 2019, between the hours of 9:05 a.m. and 12:01 p.m., reported stenographically by JOHN W. FELLOWS, Certified Court Reporter No. 3335, in and for the State of Texas, at the offices of FLORES & TORRES, LLP, 118 East Cano Street, Edinburg, Texas, pursuant to the Federal Rules of Civil Procedure and any provisions stated on the record or attached therein.

BRYANT & STINGLEY, INC.
Harlingen (956) 428-0755        McAllen (956) 618-2366

2

APPEARANCES

COUNSEL FOR PLAINTIFF:

    DAVID L. FLORES
    CHRIS CASTILLO
    FLORES & TORRES, LLP
    118 East Cano Street
    Edinburg, Texas  78539

COUNSEL FOR DEFENDANT THE CITY OF EDINBURG, TEXAS:

    YSMAEL FONSECA
    GUERRA, LEEDS, SABO & HERNANDEZ, PLLC
    10213 North 10th Street
    McAllen, Texas  78504

    OMAR OCHOA
    OMAR OCHOA LAW FIRM
    121 North 10th Street
    McAllen, Texas  78501

COUNSEL FOR DEFENDANTS RICHARD MOLINA, DAVID TORRES, JORGE SALINAS AND GILBERT ENRIQUEZ:

    J. ARNOLD AGUILAR
    AGUILAR & ZABARTE, LLC
    990 Marine Drive
    Brownsville, Texas  78520


ALSO PRESENT:

    ALBERT GONZALEZ, Videographer (B&S)
    IRMA GARZA

Electronically signed by John Fellows (301-250-933-7791)     ef8741e6-4004-46a1-8132-135b6f6aac0d

INDEX

|  | PAGE |
|---|---|
| Appearances | 2 |
| RICHARD HINOJOSA | |
| Examination by Mr. Flores | 4 |
| Changes and Signature | 122 |
| Reporter's Certificate | 124 |
| Attached to the end of the transcript: Stipulations | |

EXHIBITS

| NUMBER | DESCRIPTION | PAGE IDEN. |
|---|---|---|
| 1 | Organizational Chart | 11 |
| 2 | City Charter | 17 |
| 3 | Article | 26 |
| 4 | Facebook Post | 51 |
| 5 | Manual | 60 |
| 6 | Employee Performance Review | 64 |
| 7 | Objection and Responses | 77 |
| 8 | Employee Disciplinary Action | 82 |
| 9 | E-mail | 86 |
| 10 | Summary of Hire | 90 |
| 11 | Letter dated March 20, 2018 | 93 |
| 12 | USB Audio | 104 |
| 13 | Excerpts From City Charter | 110 |
| 14 | The Monitor | 114 |

```
09:43  1      A.  Yes.
09:43  2      Q.  Now, after the election in November of 2017,
09:44  3   did you have a conversation with either Richard Molina
09:44  4   or anybody else on the city council about employee or
09:44  5   personnel matters?
09:44  6      A.  I don't understand the question.
09:44  7      Q.  Did they approach after the election, either
09:44  8   Richard Molina or any other city council member, about
09:44  9   employees with the City of Edinburg either terminating
09:44 10   them or having to recommend that you hire somebody
09:44 11   else?
09:44 12      A.  Yes.
09:44 13      Q.  And who did you have that conversation and
09:44 14   when?
09:44 15      A.  I don't know the when.  But newly elected -- or
09:44 16   after he was council member, George Salinas.  The
09:44 17   mayor.  Somewhere along that period of time before I
09:45 18   resigned, Gilbert Enriquez.  And I believe David Torres
09:45 19   as well.
09:45 20      Q.  And let's start with George Salinas.  What did
09:45 21   he talk to you about as it pertains to that issue?
09:45 22      A.  He asked me about Irma Garza.
09:45 23      Q.  And what did he -- what was he inquiring about?
09:45 24      A.  He was saying that the council was looking
09:45 25   to -- to change how we did things, as far as public
```

| | |
|---|---|
| 09:45 1 | relations and PR and how we would move forward; as |
| 09:45 2 | far as getting the word out about the city and how we |
| 09:45 3 | did all that, and he had concerns that the department |
| 09:45 4 | was -- that needed some change. |
| 09:45 5 | Q. Do you know how soon after the election he |
| 09:45 6 | approached you to talk -- to discuss Irma Garza? |
| 09:45 7 | A. Possibly December or January. December of 2017 |
| 09:46 8 | and going into January. But I think it was before the |
| 09:46 9 | end of the year. |
| 09:46 10 | Q. Okay. Did he discuss any other employee with |
| 09:46 11 | you? |
| 09:46 12 | A. No. |
| 09:46 13 | Q. What about Mayor Richard Molina? |
| 09:46 14 | A. The same. |
| 09:46 15 | Q. He also approached you to discuss Irma Garza's |
| 09:46 16 | employment? |
| 09:46 17 | A. Correct. |
| 09:46 18 | Q. And when did he approach you to discuss her |
| 09:46 19 | job? |
| 09:46 20 | A. About the same time. |
| 09:46 21 | Q. Before the new year? |
| 09:46 22 | A. Yes. |
| 09:46 23 | Q. So shortly after the election, correct? |
| 09:46 24 | A. Correct. |
| 09:46 25 | Q. And what was -- what did he ask you or what was |

| | | |
|---|---|---|
| 09:46 | 1 | his discussion with you -- |
| 09:46 | 2 | A. He was -- |
| 09:46 | 3 | Q. -- regards to her employment? |
| 09:46 | 4 | A. In his case he was telling me that, you know, |
| 09:47 | 5 | what we were doing with -- with the department was more |
| 09:47 | 6 | TV type reporting and all that, and he was -- wanted to |
| 09:47 | 7 | do more social media: Facebook, pod cast, those kind |
| 09:47 | 8 | of getting the word out; Tweeting, Twitter, all that. |
| 09:47 | 9 | And that he thought the department should be doing more |
| 09:47 | 10 | of that. |
| 09:47 | 11 | Q. Did he -- now, did he -- was he requesting that |
| 09:47 | 12 | you implement these process with your current staff, or |
| 09:47 | 13 | was he asking you that they wanted to go with a |
| 09:47 | 14 | different direction as far as the director of that |
| 09:47 | 15 | position? |
| 09:47 | 16 | A. He told me that I needed to get with Irma and |
| 09:47 | 17 | the department and say, Hey, this is the new direction |
| 09:47 | 18 | that we're going, and that he wanted to see results |
| 09:47 | 19 | along those lines. |
| 09:47 | 20 | Q. Did he convey to you at that time that he |
| 09:48 | 21 | wanted you to terminate Ms. Garza? |
| 09:48 | 22 | A. At that time, no. |
| 09:48 | 23 | Q. At any time? |
| 09:48 | 24 | A. After the new year he would -- asking me |
| 09:48 | 25 | whether or not if Irma was going to be leaving the |

```
09:48  1   city.
09:48  2       Q.  He would ask you if she would be leaving the
09:48  3   city?
09:48  4       A.  Yes.
09:48  5       Q.  And as you've testified earlier, only you can
09:48  6   make that decision; is that correct?
09:48  7       A.  That's correct.
09:48  8       Q.  And what did you respond to him?
09:48  9       A.  I told him that I was reviewing
09:48 10   and -- and -- and visiting with -- with the director,
09:48 11   and telling what expectations that, you know, council
09:48 12   was wanting as far as direction on how he wanted to get
09:48 13   the city out in -- the word out about the city and how
09:48 14   we were going to do things in the future.  And that I
09:48 15   wanted to see, you know, more that in, you know, so we
09:49 16   could get, you know, what the mayor was asking for.
09:49 17       Q.  Did you believe that he was asking you to -- to
09:49 18   terminate Ms. Garza from her position?
09:49 19       A.  I think if -- he was saying that I needed to do
09:49 20   something if the -- if the city -- if he -- if I was
09:49 21   not implementing what he wanted, you know, as far as
09:49 22   how we were going to promote the city.
09:49 23       Q.  And when you say to do something, that
09:49 24   something is termination, correct?
09:49 25       A.  Well, evaluate her and say, Are you doing what,
```

Electronically signed by John Fellows (301-250-933-7791)    ef8741e6-4004-46a1-8132-135b6f6aac0d

you know, what we needed to do, and -- and if he wasn't following my direction, well then -- then follow the policies that we had in place as far as that was concerned.

Q.  Considering the policy of the city that the city council is not to interfere in your employment decisions, do you feel that what he was asking of you was appropriate?

A.  It wasn't appropriate and --

Q.  I'm sorry?

A.  It was not appropriate.  And what I did was -- when I was approached by the council at any time and in -- specifically, in this time, I advised the city attorney at that time that I was approached, and told him that he needed to visit with the mayor and city council, that they should not be getting involved in personnel issues.

Q.  Who was the city attorney at that time?

A.  Ric Gonzalez.

Q.  And when you approached Mr. Gonzalez with his concern, how was -- how did he respond?

MR. FONSECA:  I'm going to object to any conversations that the city attorney and any advice he may have given to the city manager as being privileged.  City does not waive.

```
09:50  1       Q.  I won't ask you, then, what was said.  But was
09:50  2   he receptive to your concerns?
09:50  3               MR. FONSECA:  Objection, vague.  And same
09:50  4   thing, I'll instruct the witness not to answer
09:51  5   certain --
09:51  6               MR. FLORES:  It's not your witness.
09:51  7               MR. AGUILAR:  It is.  It is city --
09:51  8               MR. FLORES:  That's right.  You are City
09:51  9   of Edinburg.  I get confused with you guys on that
09:51 10   side.
09:51 11               MR. FONSECA:  I'll instruct the witness
09:51 12   not to disclose anything or information that the city
09:51 13   attorney's given for the record.
09:51 14               MR. FLORES:  I'm going to object to that
09:51 15   on the basis that I'm not asking him for any
09:51 16   confidential communications.  I'm only asking whether
09:51 17   or not he was receptive to his concerns.  That doesn't
09:51 18   reveal any prior or confidential communications.
09:51 19               MR. FONSECA:  The objection is vague.
09:51 20   It's -- I don't know what you mean about receptive.
09:51 21               MR. AGUILAR:  It still does.  What you're
09:51 22   asking him is what he talked to the city manager about
09:51 23   and -- and whatever his impression was or whatever was
09:51 24   discussed between them, what instructions he got from
09:51 25   the city manager or what he --
```

Electronically signed by John Fellows (301-250-933-7791)                    ef8741e6-4004-46a1-8132-135b6f6aac0d

```
09:51  1              MR. FLORES:  What we can do then is, brief
09:51  2   this issue to Judge Hinojosa's attention.  And if so,
09:51  3   then we're all going to agreed to come back and resume
09:51  4   his deposition.  Can we have that agreement then?
09:51  5              MR. AGUILAR:  Well, right now, what he's
09:51  6   instructing the witness to do is not to answer the
09:51  7   question.
09:51  8              MR. FLORES:  I understand that.
09:51  9              MR. AGUILAR:  If the Judge says yes,
09:51 10   he's -- he has to get into it, then I would think we
09:52 11   can.
09:52 12              MR. FLORES:  We can have that agreement?
09:52 13              MR. AGUILAR:  Yes.  It's not an agreement.
09:52 14   It's what the Judge will instruct us to do.
09:52 15              MR. FLORES:  I understand that.  But I'm
09:52 16   saying the Judge says we can do this, there won't be an
09:52 17   objection having to come back and -- and take another
09:52 18   deposition on this issue?
09:52 19              MR. AGUILAR:  If the Judge says we can do
09:52 20   it, it doesn't matter what we agree to.
09:52 21        Q.   Okay.  So you -- you had a conversation -- I
09:52 22   won't ask you what -- Richard Gonzalez -- Richard
09:52 23   Gonzalez; is that correct?
09:52 24        A.   Ric Gonzalez.
09:52 25        Q.   Ric Gonzalez about this issue, correct?
```

| | | |
|---|---|---|
| 09:52 1 | A. | Yes. |
| 09:52 2 | Q. | Anybody else? |
| 09:52 3 | A. | No. |
| 09:52 4 | Q. | Now, did -- when you spoke with Jorge Salinas |
| 09:52 5 | on this issue, did he express to you that he wanted you | |
| 09:52 6 | to terminate Irma Garza? | |
| 09:52 7 | A. | I don't know if he used the word terminate, but |
| 09:53 8 | I got -- my impression was, that he wanted her removed. | |
| 09:53 9 | Q. | Now, when you spoke with Richard Molina about |
| 09:53 10 | this issue, was it before or after the new year? | |
| 09:53 11 | A. | The city attorney?  My -- |
| 09:53 12 | Q. | No.  No.  I'm sorry.  Did I say -- Richard |
| 09:53 13 | Molina? | |
| 09:53 14 | A. | With the mayor? |
| 09:53 15 | Q. | Correct. |
| 09:53 16 | A. | It was before the new year. |
| 09:53 17 | Q. | Okay.  Now, you said you also spoke to Gilbert |
| 09:53 18 | Enriquez about personnel issues or he approached you | |
| 09:53 19 | after the election, correct? | |
| 09:53 20 | A. | Yes. |
| 09:53 21 | Q. | Who was he asking you about? |
| 09:53 22 | A. | Irma as well. |
| 09:53 23 | Q. | And what was he asking? |
| 09:53 24 | A. | He wanted to know status on her -- on, you |
| 09:53 25 | know, what I was doing in relation with -- with Irma. | |

44

| | | |
|---|---|---|
| 09:53 | 1 | Q. Did he want to know the status of her |
| 09:53 | 2 | termination or whether or not you were going to |
| 09:53 | 3 | terminate her? |
| 09:53 | 4 | A. He wanted to know what -- what -- you know, |
| 09:53 | 5 | whether the department was following or what we were |
| 09:53 | 6 | doing with, you know, with the new direction as far as |
| 09:54 | 7 | how the -- you know, the -- like I said, prior to the |
| 09:54 | 8 | Twitter and -- and all -- Facebook and the pod cast and |
| 09:54 | 9 | all that. |
| 09:54 | 10 | Q. Did you get the impression that he was asking |
| 09:54 | 11 | you to terminate her from her employment with the City |
| 09:54 | 12 | of Edinburg? |
| 09:54 | 13 | A. I got the impression that he was asking that, |
| 09:54 | 14 | yes. |
| 09:54 | 15 | Q. And considering the city policy, did you feel |
| 09:54 | 16 | his request to you was appropriate? |
| 09:54 | 17 | A. It was not appropriate. |
| 09:54 | 18 | Q. You said you also spoke with David Torres, |
| 09:54 | 19 | correct? |
| 09:54 | 20 | A. Yes. |
| 09:54 | 21 | Q. Who was he asking about? |
| 09:54 | 22 | A. Actually David Torres was more asking of |
| 09:54 | 23 | whether or not I was getting any calls from any other |
| 09:54 | 24 | council members considering Irma. |
| 09:54 | 25 | Q. Did he ask you whether or not you were going to |

```
09:54  1    terminate her?
09:54  2         A.  No, he didn't.
09:54  3         Q.  And what was the nature of your conversation
09:54  4    with Mr. Torres?
09:54  5         A.  He was just saying that he -- that he was aware
09:55  6    that the -- either the mayor and/or George Salinas was
09:55  7    calling me considering Irma, and that he would speak to
09:55  8    them about it.
09:55  9         Q.  Did you get the impression that he wanted you
09:55 10    to terminate --
09:55 11         A.  No.  I did not get that impression from David.
09:55 12         Q.  Okay.  Did either Richard Molina or any other
09:55 13    council member express to you that they felt that
09:55 14    Ms. Irma Garza was more loyal to the prior mayor than
09:55 15    they -- she was being to the current administration?
09:55 16         A.  Mayor Molina.
09:55 17         Q.  What did he say?
09:55 18         A.  The mayor knew or was aware that -- that Irma
09:55 19    was -- had a good working relationship with the
09:55 20    previous mayor.
09:55 21         Q.  And that concerned him?
09:55 22         A.  That concerned him.
09:55 23         Q.  Do you know why?
09:55 24         A.  I didn't ask him.  I think he was
09:55 25    more -- the -- with his new direction on -- on
```

124

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| IRMA GARZA )( | |
|   Plaintiff )( | |
| )( | |
| VS. )( | CIVIL ACTION NO. |
| )( | 7:18-cv-267 |
| THE CITY OF EDINBURG, )( | |
| TEXAS, RICHARD MOLINA, )( | |
| DAVID TORRES, JORGE )( | |
| SALINAS AND GILBERT )( | |
| ENRIQUEZ )( | |
|   Defendants )( | |

REPORTER'S CERTIFICATION
ORAL AND VIDEOTAPED DEPOSITION OF
RICHARD HINOJOSA
APRIL 23, 2019

    I, JOHN W. FELLOWS, Certified Court Reporter, certify that the witness, RICHARD HINOJOSA, was duly sworn by me, and that the transcript is a true and correct record of the testimony given by the witness on April 23, 2019; that the deposition was reported by me in stenograph and was subsequently transcribed under my supervision;

    Pursuant to Federal Rule 30(5)(e)(2), a review of the transcript was requested.

    I FURTHER CERTIFY that I am not a relative, employee, attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, nor am I financially interested in the action.

    WITNESS MY HAND on this the _____ day of _____, 2019.

*John W. Fellows*
JOHN W. FELLOWS, Texas CSR 3335
Expiration Date: 04-30-21
Bryant & Stingley, Inc., CRN No. 512
1305 East Nolana, Suite D
McAllen, Texas  78504
(956) 618-2366

**BRYANT & STINGLEY, INC.**
**Harlingen (956) 428-0755**          **McAllen (956) 618-2366**

Electronically signed by John Fellows (301-250-933-7791)          ef8741e6-4004-46a1-8132-135b6f6aac0d