# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| IRMA GARZA | § | |
| | § | |
| VS. | § | |
| | § | |
| THE CITY OF EDINBURG, TEXAS | § | CASE NUMBER: 7:18-CV-0267 |
| RICHARD MOLINA, DAVID | § | |
| TORRES, JORGE SALINAS AND | § | |
| GILBERT ENRIQUEZ | § | |

## DEFENDANTS MOLINA, TORRES, SALINAS AND ENRIQUEZ' RESPONSE TO PLAINTIFF IRMA GARZA'S THIRD CORRECTED/AMENDED MOTION TO COMPEL DISCOVERY, REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S CORRECTED MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS WITH A REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Richard Molina, David Torres, Jorge Salinas and Gilbert Enriquez submit this Response to Plaintiff Irma Garza's Third Corrected/Amended Motion to Compel Discovery, Reply to Defendants' Response to Plaintiff's Corrected Motion to Compel Discovery and for Sanctions with a Request for Hearing.

## I.

## INTRODUCTION

1.01  Defendants Molina, Torres, Salinas and Enriquez are members of the Edinburg City Council. Plaintiffs contend that after their election, these councilmembers

directed former City Manager Richard Hinojosa to terminate her for not supporting their election. Plntf's First Am. Cmplt, Dkt No. 40, ¶¶ 4.4-4.9. She denies having direct dealings with the City Council and alleges her relationship with the Council is not as defined in *Kinsey v. Salado*, 950 F.2d 988 (5th Cir. 1992). *Id.*, ¶ 4.11. Defendants deny that Plaintiff's relationship with the Council is not as defined in *Kinsey*. Plaintiff also contends each Defendant was personally involved in retaliating against her. *Id.*, ¶¶ 4.5-4.6.

1.02    Plaintiff alleges her termination violated her rights to due process, due course of law, and liberty protected by the Texas Constitution and the Fourteenth Amendment to the U.S. Constitution, and her rights to speech and association protected by the First Amendment. *Id.* at ¶¶ 6.1-7.1. She also asserts a violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). *Id.*, ¶ 8.3. Finally, she contends these individual defendants acted outside the course and scope of their official duties as members of the City Council and that they conspired to retaliate and terminate her. *Id.*, ¶ 9.1.

1.03    Though Plaintiff submitted separate requests to each Defendant (Dkt Nos. 24-1 – 24-4), she references all Defendants responses as a group. Plaintiffs' discovery requests were overly broad and vague, and she now relies on rumor and speculation to compel Defendants to provide confidential information used by Defendants to pursue election for office. Although Plaintiff seeks to compel production of confidential information, she does not identify any basis to support her entitlement to the requested information or otherwise explain how that information would support her due process, liberty, speech, association, Fair Labor Standards Act, or conspiracy claims. Because the requested information cannot

support any of her claims, Plaintiff's requests are no more than a fishing expedition that apparently seeks to gather information to support Defendants' political opponents.

## II.

## ARGUMENT

2.01  Rather that inquire about facts to support her due process, liberty, speech or association claims, Plaintiff seeks confidential information relating to Defendants' campaigns for election in 2017, including each cell phone account each Defendant has had from January 01, 2016 to the present and the identities of all individuals who assisted Defendants' campaign for the election held in November 2017. Though she relies on rumors and speculation to support her request for information, she does not identify how the information requested would support her allegations.

2.02  Plaintiff claims Myra Garza and Sonia Marroquin supported her contention that Defendants intended to terminate her and reward Cary Zayas, though Ms. Garza did not testify as Plaintiff alleges. To the contrary, Garza admitted she never saw any list of individuals allegedly targeted for termination and that such a list was "just an assumption on [her] part." Exhibit 1, Deposition of Myra Garza (Garza Depo), pp. 26-27. Likewise, Marroquin also had nothing more than rumors to suggest the existence of any such list. Plntf's Third Corr/Am Mtn to Compel Disc., Exhibit D, Dkt No. 71-5, p. 4 of 8. Garza agreed that she only ever spoke with Defendant Salinas about the alleged list, but he did not know what list she was talking about. Exhibit 1, Garza Depo, p. 39-40. Salinas, like Enriquez and Molina, simply told her not to worry about her job. *Id.* at p. 40.

2.03 Plaintiff also inaccurately claims former City Manager Hinojosa testified to a plan or scheme to reward political supporters with jobs and terminate employees who did not support them. Hinojosa actually testified that city employees are always concerned about change when new officials are elected, though he did not identify any specific concern or basis for a concern. Plntf's Third Corr/Am Mtn to Compel Disc., Exhibit C, Dkt No. 71-4, pp. 3-4 of 9. As Plaintiff's counsel is aware, Defendant receives approximately 6000 – 8000 applications, resumes or requests for employment per year, and from November 1, 2017 to June 17, 2019 the City had approximately 394 resignations or terminations. *See* Exhibit 2, Defendant City of Edinburg, Texas' Answers Plaintiff's First Set of Interrogatories, Interrogatory Nos. 3 and 5 in Maribel Velasquez v. City of Edinburg, et al., Civil Action No. M-18-354, pending in the U.S. District Court for the Southern District of Texas, McAllen Division. Though Defendants Salinas, Enriquez and Torres may have discussed Plaintiff's employment, it was in the context of how the City would be publicizing its progress and actions and concerns about the need for change in the department's public relations processes, not any desire to hire or terminate any employees. Plntf's Third Corr/Am Mtn to Compel Disc., Exhibit C, Dkt No. 71-4, pp. 5-6 of 9. After Plaintiff's termination, for example, the City's social media followers on Facebook increased from 11,000 to 23,000.

2.04 Although Plaintiff also argues Defendants had ties to Robin Zayas through her social media company, Z Digital, and that Cary Zayas would derivatively benefit from that arrangement, any telephone, email or text message information Plaintiff seeks

relating to Robin Zayas could be gathered directly from Ms. Zayas. Plaintiff's attorney David Flores is Ms. Zayas former brother-in-law, they still live near each other, and Ms. Zayas is "best buds" with Mr. Flores' son and occasionally spends time with him. Exhibit 3, Deposition of Robin Zayas, p. 52-55. Prior to the election, however, Cary did not mention looking for any particular position to Robin, and it was only after Plaintiff's former position became available that Cary began to look at it. *Id.* at pp. 61-62.

2.05 The information and documents sought by Plaintiff would not provide evidence to support her allegations, however. In response to Plaintiff's Interrogatory Nos. 8 and 10, Defendants provided the following objections and responses:

> **INTERROGATORY NO. 8:** Please identify by phone number, dates of service and cellular/mobile service provider, whether personally or as a representative of the City of Edinburg, Texas, each cell phone account you have had from January 01, 2016 to the present.
>
> **DEFENDANTS' OBJECTIONS:** Defendant objects to this discovery request on the basis that it is a fishing expedition for information that would be burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, and as such the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues, or alternatively the discovery requested is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive, and would therefore impose upon Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 33.
>
> Defendant objects to the disclosure of any items or documents that are of a proprietary nature relating only to Defendant's confidential campaign procedures and which would constitute Defendant's confidential trade secrets, including any compilations of information or trade secrets used in Defendant's election

campaign. The divulgence of this material would present an opportunity for competitors to obtain an advantage over Defendant and thus is not discoverable. *See In re Continental Gen. Tire, Inc*., 979 S.W.2d 609, 613 (Tex. 1998); FRE 501; TRE 507; TRCP 76a(2)(c).

Defendant objects to this discovery request on the basis that it would result in an invasion of the right to privacy of individuals who are not parties to the pending litigation, or would invade the right to privacy of parties to this litigation, where that invasion would not otherwise be justified.

**INTERROGATORY NO. 10:** Please identify any and all documents which lists and/or otherwise identifies any and all individuals who assisted you with your campaign, for the election held in November 2017.

**DEFENDANTS' OBJECTIONS:** Defendant objects to this discovery request on the basis that it is a fishing expedition for information that would be burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, and as such the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues, or alternatively the discovery requested is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive, and would therefore impose upon Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 33.

Defendant objects to the disclosure of any items or documents that are of a proprietary nature relating only to Defendant's confidential campaign procedures and which would constitute Defendant's confidential trade secrets, including any compilations of information or trade secrets used in Defendant's election campaign. The divulgence of this material would present an opportunity for competitors to obtain an advantage over Defendant and thus is not discoverable. *See In re Continental Gen. Tire, Inc*., 979 S.W.2d 609, 613 (Tex. 1998); FRE 501; TRE 507; TRCP 76a(2)(c).

Defendant objects to this discovery request on the basis that it would result in an invasion of the right to privacy of individuals who are not parties to the pending litigation, or would invade the right to privacy of parties to this litigation, where that invasion would not otherwise be justified.

> TORRES' RESPONSE: Defendant objects to this discovery request to the extent that it is multifarious.
>
> Without waiving these objections, I did not have a campaign for election in 2017.

2.06   Plaintiff seeks confidential information relating to Defendants' campaigns for election in 2017, including each cell phone account each Defendant has had from January 01, 2016 to the present, and the identities of all individuals who assisted Defendants' campaign for the election held in November 2017.  Because Defendant Torres did not run for election in 2017, he did not have any responsive documents.

2.07   Information identifying Defendants' campaign strategies, volunteers, and related information is proprietary, confidential and protected.  Plaintiff did not request information about any particular person or provide the identifying information for that person.  Had she sought information relating to specific individuals, she could have submitted a request for information about those persons and Defendants could have determined whether phone calls had been made between a defendant and any of those persons or whether they were campaign supporters.  She did not do so, however.

2.08   Instead, Plaintiff threw a large net to troll **ALL** of Defendants cell phone numbers and **ALL** of Defendants' supporters, though that information would not support any of her claims.  If this information is released, it would cause substantially harm to Defendants by providing their opponents with information to attempt to convert or harass Defendants' political supporters.  Plaintiff

> seeks the uncompensated use of lists of names and addresses compiled at considerable cost by private parties. The Federal Election Campaign Act,

however, recognizes that those lists have economic value, and it protects the reporting committees' exclusive proprietary interest in them by forbidding their use by third parties "for the purpose of soliciting contributions or for commercial purposes."

*Fed. Election Com. v. Int'l Funding Inst., Inc.*, 969 F.2d 1110, 1119 (D.C. Cir. 1992) (Buckley, J., concurring), *quoting* 2 U.S.C. § 438(a)(4), now 52 U.S.C. § 30111(a)(4). The Court should not grant Plaintiff a vehicle to gather this privileged information.

2.09   Similarly, Plaintiff's Request for Production Nos. 3, 4, 7, and 10, and Defendants' objections and responses, provided the following:

**REQUEST FOR PRODUCTION NO. 3:**   Any and all documents pertaining to any communication, meetings, discussions, encounters, and/or conversations, whether private or public, between yourself and Cary Zayas.

**DEFENDANTS' OBJECTIONS AND RESPONSE:**   Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity, and inquires into matters that go beyond what is relevant to the parties' claims or defenses.  *See* F. R.C.P. 26 (b)(1)-(2).

Without waiving these objections, and to the best of Defendant's understanding, none in my possession.

**REQUEST FOR PRODUCTION NO. 4:**   Any and all documents evidencing / pertaining to any communication, meetings, discussions, encounters, and/or conversations, whether private or public, between yourself and Robyn Zayas.

**DEFENDANTS' OBJECTIONS AND RESPONSE:**   Defendant objects to this discovery request as being overly broad and vague on the basis that it fails to describe or identify the information or documents requested with reasonable particularity or specificity, and inquires into matters that go beyond what is relevant to the parties' claims or defenses.  *See* F. R.C.P. 26 (b)(1)-(2).

Defendant objects to this discovery request on the basis that it would result in an invasion of the right to privacy of individuals who are not parties to the pending

litigation, or would invade the right to privacy of parties to this litigation, where that invasion would not otherwise be justified.

Without waiving these objections, and to the best of Defendant's understanding, none in my possession.

**REQUEST FOR PRODUCTION NO. 7:** All documents of any kind or form whatsoever which evidences or relating to any payments made by you and/or your campaign to Cary Zayas, Robyn Zayas and/or Dorian Madrigal.

**DEFENDANTS' OBJECTIONS:** Defendant objects to this discovery request on the basis that it is a fishing expedition for information that would be burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, and as such the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues, or alternatively the discovery requested is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive, and would therefore impose upon Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 33.

Defendant objects to the disclosure of any items or documents that are of a proprietary nature relating only to Defendant's confidential campaign procedures and which would constitute Defendant's confidential trade secrets, including any compilations of information or trade secrets used in Defendant's election campaign. The divulgence of this material would present an opportunity for competitors to obtain an advantage over Defendant and thus is not discoverable. *See In re Continental Gen. Tire, Inc*., 979 S.W.2d 609, 613 (Tex. 1998); FRE 501; TRE 507; TRCP 76a(2)(c).

Defendant objects to this discovery request on the basis that it would result in an invasion of the right to privacy of individuals who are not parties to the pending litigation, or would invade the right to privacy of parties to this litigation, where that invasion would not otherwise be justified.

TORRES' RESPONSE: Defendant objects to this discovery request to the extent that it is multifarious.

Without waiving these objections, none.

ENRIQUEZ AND SALINAS' RESPONSE: Without waiving these objections, and to the best of Defendant's understanding, none.

**REQUEST FOR PRODUCTION NO. 10:** All cellular/mobile phone records for each cell phone account you have had, either personally or as a representative of the City of Edinburg, Texas, from January 01, 2016 to the present.

**DEFENDANTS' OBJECTIONS AND RESPONSE:** Defendant objects to this discovery request on the basis that it is a fishing expedition for information that would be burdensome and harassing in that it seeks a large amount of information or documents that are irrelevant or immaterial and are not otherwise calculated to lead to the discovery of relevant or material information or documents, and as such the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues, or alternatively the discovery requested is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive, and would therefore impose upon Defendant an unnecessary expense and would constitute harassment, in violation of Federal Rules of Civil Procedure 26 and 33.

Defendant objects to the disclosure of any items or documents that are of a proprietary nature relating only to Defendant's confidential campaign procedures and which would constitute Defendant's confidential trade secrets, including any compilations of information or trade secrets used in Defendant's election campaign. The divulgence of this material would present an opportunity for competitors to obtain an advantage over Defendant and thus is not discoverable. *See In re Continental Gen. Tire, Inc*., 979 S.W.2d 609, 613 (Tex. 1998); FRE 501; TRE 507; TRCP 76a(2)(c).

Defendant objects to this discovery request on the basis that it would result in an invasion of the right to privacy of individuals who are not parties to the pending litigation, or would invade the right to privacy of parties to this litigation, where that invasion would not otherwise be justified.

Without waiving these objections, and to the best of Defendant's understanding, none in my possession.

2.10 Although Plaintiff's requests were overly broad and vague, and sought proprietary, confidential and private information, each defendant responded that he did not have any responsive documents in his possession. Although Defendant Molina's campaign may have some documents reflecting payments made to Cary Zayas, Robyn Zayas and/or Dorian Madrigal, Plaintiff has not identified how any of those documents would support any of her claims. Regardless, Plaintiff can gather any such documents through other means, without requiring Defendant to expend the time and expense necessary to do so. Like her interrogatories, Plaintiff's request is so broad that it seeks documents that can identify Defendants' campaign strategies, volunteers, and related information, which is proprietary, confidential and protected. Again, Plaintiff has not identified how the requested documents would establish her claims in this lawsuit, and she has not identified any basis to support her entitlement to the requested documents.

2.11 Plaintiff's request for sanctions is similarly misguided. Although Rule 37 allows sanctions for evasive or incomplete responses, sanctions are not authorized if "(ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). As set out above, Plaintiff's discovery requests do not seek specific information, and she has not identified how her requests for information relating to every person who assisted in Defendants' campaigns for election would support her allegations that she was denied due process or liberty, or her right to speak or associate.

2.12 "An opposing party's objection qualifies as 'substantially justified' if 'there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Chaplaincy of Full Gospel Churches v. Johnson*, 217 F.R.D. 250, 255 (D.D.C. 2003), *quoting Pierce v. Underwood*, 487 U.S. 552, 565, 101 L. Ed. 2d 490, 108 S. Ct. 2541 (1988). "Just because the objections [may be] overruled, … does not mean the objections as asserted [are] not substantially justified." *Neumont v. Monroe Cty.*, 225 F.R.D. 266, 268 (S.D. Fla. 2004). Also, where discovery requests do not lead to admissible evidence an award of expenses would be unjust. *Id.*

2.13 Although Plaintiff's counsel suggested a resolution to some of those discovery disputes, and the parties were discussing a possible resolution, her Motion to Compel is not for those limited items but instead remains for the entirety of her original requests. For even those limited items, however, Plaintiff still sought information to identify all of Defendants' campaign supporters and she had not yet provided all the phone numbers she was seeking to have Defendants investigate. As a result, her motion to compel the limited requests is also overbroad and premature. Plaintiff's request for sanctions should therefore be denied.

Defendants **RICHARD MOLINA, DAVID TORRES, JORGE SALINAS and GILBERT ENRIQUEZ** would therefore respectfully request that Plaintiff Irma Garza's Second Corrected/Amended Motion to Compel Discovery, Reply to Defendants' Response to Plaintiff's Corrected Motion to Compel Discovery and for Sanctions with a Request for Hearing be denied and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled, whether general or special, at law and in equity.

Signed on this the 6th day of March, 2020.

Respectfully submitted,

/s/ J. Arnold Aguilar

J. Arnold Aguilar
Attorney-in-Charge
State Bar No. 00936270
S.D. Tex. ID No. 6822
email: arnold@aguilarzabartellc.com

AGUILAR★ZABARTE, LLC
Of Counsel
990 Marine Drive
Brownsville, Texas 78520
Telephone : (956) 504-1100
Facsimile : (956) 504-1408

Attorneys for Defendants
**RICHARD MOLINA, DAVID TORRES, JORGE SALINAS and GILBERT ENRIQUEZ**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing **DEFENDANTS MOLINA, TORRES, SALINAS AND ENRIQUEZ' RESPONSE TO PLAINTIFF IRMA GARZA'S THIRD CORRECTED/AMENDED MOTION TO COMPEL DISCOVERY, REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S CORRECTED MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS WITH A REQUEST FOR HEARING** will on this the 6th day of March, 2020, be automatically accomplished through the Notice of Electronic Filing upon the following:

    David L. Flores
    dlflores81@yahoo.com
    Flores & Torres, L.L.P.
    118 East Cano
    Edinburg, Texas 78539

    R.D. "Bobby" Guerra
    RDGuerra@guerraleeds.com
    Heather Scott
    hscott@guerraleeds.com
    Ysmael Fonseca
    yfonseca@guerraleeds.com
    Guerra, Leeds, Sabo & Hernandez, PLLC
    10123 North 10th Street
    McAllen, TX 78504

                                 /s/   J. Arnold Aguilar
                                        J. Arnold Aguilar