UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| **IRMA GARZA** § | |
| **Plaintiff,** § | |
| § | |
| **V.** § | |
| § | **CIVIL NO. 7:18-CV-00267** |
| **THE CITY OF EDINGURG, TEXAS,** § | **JURY REQUESTED** |
| **RICHARD MOLINA, DAVID TORRES,** § | |
| **JORGE SALINAS and GILBERT ENRIQUEZ** § | |
| **Defendants.** § | |

## PLAINTIFF'S THIRD AMENDED ORIGINAL COMPLAINT

NOW COMES **IRMA GARZA,** Plaintiff, complaining of **THE CITY OF EDINBURG,** and **RICHARD MOLINA, DAVID TORRES, JORGE SALINAS,** and **GILBERT ENRIQUEZ**, individually and in their official capacity as council members of the City of Edinburg, and in support thereof would show the following:

### I.
### NATURE OF ACTION

1.1   This is an action under the United States Constitution for violation of Plaintiff's rights under the First Amendment.

1.2   Specifically, while acting under color of law, Defendants took adverse employment action against Plaintiff by terminating Plaintiff's employment in violation of her rights protected by the First Amendment.

### II.
### JURISDITION AND VENUE

2.1   Jurisdiction of this Court is invoked pursuant to 28 USC Sections 451, 1331, 1343, 1391 and 42 USC 1983.

2.2   The employment practices alleged to be unlawful were and are currently being

committed within the court's Jurisdiction. Venue of the United States District Court for the Southern District of Texas, McAllen Division is invoked pursuant to 24 USC Section 1391.

## III.
## PARTIES

3.1 Plaintiff, IRMA GARZA, an individual person subject to the jurisdiction of the United States or a citizen thereof, residing within Hidalgo County, Texas, and within the jurisdiction of the United States District Court for the Southern District of Texas, McAllen, Division.

3.2. Defendant, THE CITY OF EDINBURG, is a municipality in the state of Texas located entirely in Hidalgo County. THE CITY OF EDINBURG was served by Process service on September 7, 2018, as per Fed. R. Civ. P. 4(m).

3.3 Defendant, RICHARD MOLINA is being sued in his individual and official capacity as the Mayor of the City of Edinburg. Said Defendant was served by Process service on September 19, 2018, as per Fed. R. Civ. P. 4(m).

3.4 Defendant, DAVID TORRES is being sued in his individual and official capacity as a council member of the City of Edinburg. Said Defendant was served by Process service on September 7, 2018, as per Fed. R. Civ. P. 4(m).

3.5 Defendant, JORGE SALINAS is being sued in his individual and official capacity as a council member of the City of Edinburg. Said Defendant was served by Process service on September 19, 2018, as per Fed. R. Civ. P. 4(m).

3.6 Defendant, GILBERT ENRIQUEZ is being sued in his individual and official capacity as a council member of the City of Edinburg. Said Defendant was served by Process service on September 7, 2018, as per Fed. R. Civ. P. 4(m).

## IV.
## FACTUAL ALLEGATIONS

4.1     Plaintiff, Irma Garza, was first employed by the City of Edinburg, Texas as the Director of Public Information on October 01, 2008.  As the Director of Public Information, Ms. Garza served under the City Manager.  Pursuant to Article V, Section 7 of the Edinburg City Charter, the City Council is not to interfere with, or in any manner take part in the appointment of officers and/or employees who serve under the City Manager.

4.2     Throughout her employment, the Plaintiff performed her duties with dedication, loyalty and hard work.  Plaintiff received performance appraisals with very high ratings.  Prior to the Defendants gaining control of the Edinburg City Council, Plaintiff never had any adverse employment action taken against her nor was she ever written up for job related improper conduct.  Ms. Garza, who is an utmost professional, worked through the tenure of two previous administrations with the City of Edinburg.

4.3     In November of 2017, the Edinburg City Council conducted elections which resulted in the seating of a new political majority that is made up of each of the individual Defendants, hereinafter referred to as the "Molina faction".  Each individual Defendant, including those elected members who were not running for office, openly and publicly campaigned with each other for those individual Defendants running for office in the November 2017 election.  The individual Defendants would attend political functions together as a cohesive and unified group.  Further, the individual Defendants which make up the Molina faction each publicly expressed their support for each other through social medial outlets.

4.4     Several months prior to the date of the election, then City Council member, Richard Molina, approached Alfredo Herrera, Jr., who worked directly under the Plaintiff, Irma Garza, and complained to him that Ms. Garza was not attending his political events.  He further complained to Mr. Herrera that he believed Ms. Garza supported the opposing candidate.  On several occasions, Defendant, Richard Molina, sent Ms. Garza text messages requesting her attendance at certain

political functions, which Irma Garza chose not to attend.

4.5     During the election campaign, the council members who were subsequently elected and those current board members with whom they were aligned made known their plan/scheme to reward their political supporters with jobs and terminate, demote and reassign employees they perceived as not supporting their faction. Employees for the City of Edinburg became aware that the Molina faction had compiled a list of city employees they believed did not support their faction that were being targeted for termination. This scheme of political patronage was devised by the individual Defendants in order to garner support for the upcoming election. The Plaintiff, Irma Garza, became aware that she was being specifically targeted for termination from members of the community with knowledge of the Defendants' scheme. Specifically, Ms. Garza was informed that she was being replaced with Cary Zayas, a known political supporter of Richard Molina and his faction. Prior to terminating the Plaintiff and hiring Cary Zayas as her replacement, Ms. Zayas publicly denied allegations that she would be replacing Ms. Garza as the director of Public Information. Cary Zayas was not only a known political supporter of the Molina faction, but she and her sister, Robin Zayas, worked for the election campaigns of those in the faction running for office in the November 2017 election.

4.6     Upon being sworn in, the new political majority (the "Molina Faction") comprised of Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, set about on a campaign to reward those employees who were related to the new board majority and those who had openly supported their faction. They further conspired to retaliate against those employees who had not supported their faction. Consistent with the allegations that prevailed during the campaign, other individuals who were known to have been targeted by the Molina faction, which included the Plaintiff, were terminated and replaced with political supporters of the new majority. Without the participation of each of the individual Defendants named herein, Defendants would not have been

able to accomplish their plan to terminate employees they believed did not support their group, and reward those who did. Each of the individual Defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction.

4.7     As part of the retaliation by the Molina faction, in order to make room for the political patronage that was necessary to reward their relatives, supporters and campaign workers, the Board members directed the City Manager, Richard Hinojosa, to terminate employees such as Plaintiff who, during the campaign, were not actively and/or openly supporting the Molina faction.

4.8     On or about January 17, 2018, Mr. Hinojosa informed the Plaintiff that she should start looking for another job. Mr. Hinojosa informed the Plaintiff that Richard Molina had directed him to terminate her employment because Richard Molina believed Ms. Garza was loyal to the opposing faction. Although the City Charter prohibits City Council members from interfering with the appointment and removal of City employees, Richard Hinojosa informed the Plaintiff that he could not prevent her termination.

4.9     On or about February 21, 2018, Plaintiff was notified in person by City Manager, Richard Hinojosa, of her termination and was instructed by Mr. Hinojosa to immediately vacate the City of Edinburg office building. At that time Mr. Hinojosa informed the Plaintiff that he could not do anything about the City Council's directive to terminate her. Subsequent thereto, as alleged during the campaign, Cary Zayas was hired to replace the Plaintiff as the Director of Public Information.

4.10    The adverse retaliatory employment action taken by Mr. Hinojosa against the Plaintiff was at the direction of the Molina faction. Each of the individual Defendants were personally involved in the retaliation against the Plaintiff by virtue of their association with each other in the Molina faction. Further, prior to the Plaintiff's termination, each of the individual Defendants separately approached the City Manager, Richard Hinojosa, and instructed him to terminate the

Plaintiff. The participation of each of the individual Defendants who made up the majority voting bloc for the Edinburg City Council was necessary in order to exert their influence over the City Manager. Defendants scheme to reward supporters of their faction with jobs and to terminate those employees they perceived as not supporting their faction was not possible without the participation of each of the individual Defendants.

    4.11    The Plaintiff in this lawsuit was not an employee who had direct dealings with the Edinburg City Council or might fall into the category of an employee who, because of their relationship to the City Council, would not have First Amendment Rights as defined by the 5th Circuit Court of Appeals in *Kinsey v. Salado ISD*, 950 F2d 988 (5th Cir.1992). Additionally, the Plaintiff's exercise or in this case the restraint of her right to freedom of speech and association did not conflict with her role as an employee.

## V.
## 42 U.S.C. SECTION 1983

    5.1    Section 1983 of Title 42 of U.S.C. provides that an individual may seek redress, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subject such individual to the deprivation of any rights, privileges, or immunities, secured or protected by the U.S. Constitution or laws of the United States. The Plaintiff was subjected to the deprivation of her Constitutional rights as set forth below.

## VI.

## VIOLATION OF FIRST AMENDMENT RIGHTS

    6.1    Paragraphs 4.1 through 4.11 are incorporated herein by reference. The Plaintiff's political activity and right of association is protected under the First Amendment of the Constitution of the United States, and the Defendants, jointly and severally, violated the law by taking a course of action leading to her termination because she did not support them politically (or their belief that she

did not support them politically) and to make room for a political supporter. The Plaintiff restrained her speech on matters of politics and participated or refrained from participating in political activities away from the job setting which are directly related to her right to freedom of association. Defendants denied Plaintiff's rights of freedom of speech and association under the First Amendment to the United States Constitution by retaliating against her for exercising her protected speech/political association. Because the actions causing harm to Plaintiff were taken by the direction and approval of the majority of the City of Edinburg City Council, such acts of retaliation against the Plaintiff for her exercise of her First Amendment Rights represents an official policy of the City of Edinburg, rendering the city liable to Plaintiff for her actual damages under 42 U.S.C. Section 1983.

## VII.
## INDIVIDUAL LIABILITY

7.1     Paragraphs 4.1 through 4.11 are incorporated by reference. Defendants Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez have acted outside the proper course and scope of their official duties as members of the Edinburg City Council, in that their individual actions were wholly outside board policy, state regulations, and state and federal laws. The individual Defendants, City Council Members, conspired to retaliate and terminate Plaintiff as evidenced by their directive to then City Manager Richard Hinojosa to terminate the Plaintiff and replace her with one of their political supporters in violation of the Plaintiff's First Amendment rights. As stated in the Edinburg City Charter, the City Manager is employed at the discretion of the majority of the City Council for the City of Edinburg. Defendants would not have been able to intimidate and/or influence the City Manager to terminate the Plaintiff and hire a supporter of the Defendant's political faction without the threat/influence of the majority of the City Council, which is made up of each of the individual Defendants.

## VIII.
## ACTUAL DAMAGES

8.1    By reason of the above actions alleged in paragraphs 4.1 through 4.11, Plaintiff has been damaged in an amount beyond the minimum jurisdictional level of this court, for which Defendants are jointly and severally liable.

## IX.
## COMPENTSATORY DAMAGES

9.1    Pursuant to the federal statutes cited above, the Plaintiffs are entitled to compensatory damages.

## X.
## EXEMPLARY DAMAGES

10.1    Paragraphs 4.1 through 4.11 are incorporated herein by reference.  Defendant, City of Edinburg, by and through its elected members, acted intentionally, willfully, and in wanton disregard of the rights of the Plaintiff herein.  Accordingly, Plaintiff is entitled to recover from Defendants, the City of Edinburg, Richard Molina, David Torres, Jorge Salinas, and Gilbert Enriquez, an award of exemplary damages in addition to compensatory damages in an amount to be determined by a Jury, such amount being necessary to deter the Defendants from repeating such wrongful acts in the future.

## XI.
## ATTORNEY FEES

11.1    Pursuant to the federal statutes under which Plaintiff sues, Plaintiff has been forced to retain the undersigned attorneys to prosecute this claim on her behalf, and she is entitled to recover necessary and reasonable attorney's fees, costs of litigation, together with such additional attorney's fees as may be awarded by the Court pursuant to 42 USC Section 1988 and, in the event of an appeal, to the Fifth Circuit Court of Appeals and the United State Supreme Court, and costs of Court.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and for a trial by jury. Upon trial, Plaintiff prays for an award against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, together with exemplary damages, reasonable attorneys' fees, costs of court, pre-judgment and post-judgment interest, and entry of declaratory relief and an injunction barring Defendants from interfering with Plaintiff's job security and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

**FLORES & TORRES, LLP**

By: */s/ David L. Flores*
David L. Flores
Fed. Bar No. 37348
Texas Bar No. 24040909
Tony Torres
Fed. Bar No. 665023
Texas Bar No. 24051438
118 E. Cano
Edinburg, Texas 78539
Tel. (956) 287-9191
Fax. (956) 287-9190
***Attorneys for Plaintiff, Irma Garza***

## CERTIFICATE OF SERVICE

  I hereby certify that on April 1, 2020, a true and correct copy of the foregoing instrument has been served on counsel of record listed as listed below:

Heather Scott
*Of Counsel*
**GUERRA, LEEDS, SABO & HERANDEZ, P.L.L.C.**
10123 North 10th Street
McAllen, Texas 78504
Phone: (956) 541-1846
Facsimile: (956) 541-1893
Email: hscott@guerraleeds.com
***Attorney for Defendant City of Edinburg***

Mr. J. Arnold Aguilar
*Attorney in Charge*
State Bar No. 00936270
Federal Id. No. 6822
Email: arnold@agilarzabartellc.com

 And

Mr. Francisco J. Zabarte
*Of Counsel*
State Bar No. 22235300
Federal Id. No. 10747
**AGUILAR & ZABARTE, L.L.C.**
990 Marine Drive
Brownsville, Texas 78520
Telephone: (956) 504-1100
Facsimile: (956) 504-1408
***Attorneys for Defendants' Richard Molina,***
***David Torres, Jorge Salinas and Gilbert Enriquez***

            By: */s/David L. Flores*
              David L. Flores